**BEVERLY v. NORFOLK & WESTERN RY., et al.**
No. 60-263-L.

Circuit Court Duval County.

June 21, 1960.

See Graves v. Illinois Central R. R., the following case in this volume.

Nathan Bedell of Bedell, Bedell & Dittmar, Jacksonville, for plaintiff.

Harold B. Wahl, Loftin & Wahl, Jacksonville, for Norfolk & Western Ry. Co.

Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for Allied Chemical Corp.

Scott & Cox, Jacksonville, for Valdosta Southern R.R.

WILLIAM H. MANESS, Circuit Judge.

This cause was argued before the court, pursuant to due notice, on June 13, 1960, on the motion of the defendant Norfolk & Western Ry. Co. to dismiss the amended complaint for want of jurisdiction over said defendant.

Upon consideration of the motion, the supporting affidavits of R. N. Woodall and C. Harvey Sheffield, the deposition of C. Harvey Sheffield, the argument of counsel for plaintiff and said defendant and their briefs in support thereof, the court has concluded that the scope of the activities of the defendant in the state of Florida does not rise above the "mere solicitation" rule laid down by the Supreme Court of the United States in Green v. Chicago, etc. R. Co., 205 U.S. 530, 51 L. Ed. 916, so as to remove it from the protection afforded interstate carriers against suits in jurisdictions where such carriers are not "doing business".

See Davis v. Farmers Cooperative (1923), 262 U.S. 312, 67 L. Ed. 996.

Furthermore, this court fails to find in the scope of the defendant's activities in Florida those "minimum contacts" which have been held sufficient to confer jurisdiction over a foreign corporation whose activities in the state of the forum justify the conclusion of law that it is "doing business in the state" within the purview of the rule laid down in International Shoe Co. v. Washington, 326 U.S. 320, 90 L. Ed. 95, and like cases.

In urging a contrary view of the *facts* (which are undisputed and clearly set forth in the above-mentioned motion, affidavits and deposition) counsel for plaintiff stresses — (1) the volume of freight that is sold or influenced by the diligent efforts of the defendant's Jacksonville office; (2) the assistance rendered by

said office to shippers in tracing shipments; (3) the use of the office by home office people of the "traffic department" on what are "occasional" to "infrequent" visits to Florida to counsel their Jacksonville personnel on "how we can secure more tonnage"; and (4) the occasional issuance of exchange bills of lading as required to carry out the terms of the original bill of lading contracted outside the state of Florida and occasional collection and transmittal of funds for, to or from the Roanoke, Virginia, headquarters as an incident to diversion, undercharges, or prepayment of freight charges originally billed "collect". These activities, plaintiff contends, place the defendant in the "solicitation plus" category and remove it from the "mere solicitation" rule of the Green case, supra.

This court cannot agree. The application of the rule of the Green case does not depend on *how well* the "mere solicitation" is done so as to be affected by volume of business, efficiency of the service to shippers and consignees, the mere use of the local office by home-office men of the same department, nor the occasional services rendered as an arm of the out-of-state headquarters. The test is whether or not the scope of the activities goes beyond the *solicitation of freight* and matters directly related or incident thereto. No fact has been pointed out in this case indicating that the defendant's Jacksonville office engages in activities outside this limited scope and no case has been cited by plaintiff where there has been a departure from the rule of the Green case in a factual situation as strictly confined to the solicitation of freight as in the case at bar.

Finally, it should be noted that we are not dealing with a cause of action arising in Florida, nor one growing out of the defendant's activities in Florida, where different principles might control and a different result might be warranted.

Accordingly, it appearing that this court has no jurisdiction over said defendant and that the motion to dismiss should be granted, it is ordered and adjudged that said motion be, and the same is hereby granted, and plaintiff's amended complaint is hereby dismissed as to the Norfolk & Western Ry. Co.