190 So.2d 171 (1966)
GIANNINI CONTROLS CORPORATION, a New York Corporation, Petitioner,
v.
Gary T. EUBANKS et al., Respondents.
No. 35075.
Supreme Court of Florida.
September 21, 1966.
Rehearing Denied October 11, 1966.
Fowler, White, Gillen, Humkey & Trenam and Fred R. Ober, Miami, for petitioner.
Joseph M. Glickstein, Jr., Jacksonville, for respondents.
*172 O'CONNELL, Justice.
Here for review by certiorari is a per curiam affirmance by the District Court of Appeal, First District, of an order of the trial court dismissing petitioner's motion to quash service of process. 181 So.2d 191. Petitioner is a New York corporation having its principal place of business in California. It manufactures electronic products, including portions of a pitch-trim control system that is installed in DC-8 Aircraft.
Petitioner is not qualified to do business in Florida. It maintains no office or other establishment in Florida and has no permanent personnel here. It has no commercial attachments in Florida and entered into no contract here. The sole contact of petitioner with the State of Florida consisted of a series of four visits to the state by personnel of petitioner over the period of a year and a half. Their purpose was to visit the shops of Eastern Airlines in order to study the aforementioned control systems and suggest improvements for their maintenance. Petitioner also furnished Eastern with a manual and certain technical bulletins concerning its product. One of Eastern's Aircraft was involved in a crash which took the life of the respondent's wife.
Respondent brought this wrongful death action jointly against Douglas Aircraft Co., Inc., Eastern Airlines, and this petitioner. Respondent attempted substituted service of process on petitioner pursuant to F.S. Sec. 47.16 F.S.A. Petitioner's motion to quash service of process was denied by the trial court.
The district court affirmed the dismissal of petitioner's motion per curiam without opinion except to cite International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; and Simari v. Illinois Central Railroad Company, Fla.App. 1965, 179 So.2d 220.
In an opinion published simultaneously herewith, Illinois Central R. Co. v. Simari, Fla., 191 So.2d 427, we are reversing the decision of the District Court of Appeal, First District, in Simari v. Illinois Central Railroad Company, supra, cited as partial authority for the holding below. This disposition of the Simari case creates jurisdictional conflict sufficient to support our review of the instant case by certiorari. Therefore, it becomes unnecessary for us to appraise the sufficiency of the jurisdictional conflict alleged by petitioner between the decision below and the decision of this court in Wm. E. Strasser Construction Corp. v. Linn, Fla. 1957, 97 So.2d 458.
We reversed in the Simari case primarily on the authority of our decision in Zirin v. Charles Pfizer & Co., Fla. 1961, 128 So.2d 594. That case involved a question of substituted service arising under F.S. Sec. 47.171 F.S.A. Although we there acknowledged that the foreign corporation against which substituted service had been attempted was "doing business" within the meaning of that section, we nevertheless held that the section "was intended to apply only to obligations or causes of action which arose out of the activities of the corporation in the State." We reasoned that so interpreted the statute would be free from any objection that it failed to satisfy the demands of due process.
We see no reason why the condition added by the Zirin decision should not also apply to Sec. 47.16, pursuant to which service herein was attempted. Zirin was concerned with service on "any agent of such foreign corporation transacting business for it in Florida." Sec. 47.16 authorizes substituted service on foreign corporations that have accepted "the privilege * * * to operate, conduct, engage in, or carry on a business or business venture in the state * * *." Both sections require substantially the same measure of activity within the state to subject a foreign corporation to suit in Florida courts. The Zirin condition is equally appropriate under both.
*173 But other language contained in Sec. 47.16 would appear to impose the same condition even without the precedent of the Zirin case. Thus, subparagraph (1) of that section provides,
"(1) The acceptance by any * * * foreign corporations * * * of the privilege extended by law to non residents and others to operate, conduct, engage in, or carry on a business or business venture in the state, * * * shall be deemed equivalent to an appointment by such * * * foreign corporations of the secretary of state of the state as the agent of such * * * foreign corporations upon whom may be served all lawful process in any action, suit or proceeding against them, or either of them, arising out of any transaction or operation connected with or incidental to such business or business venture * * *. [emphasis added]"
It can hardly be contended that this cause of action arose out of any activity of petitioner in the State of Florida and alleged to constitute the engaging in a business or business venture. Therefore, the trial court erred in dismissing petitioner's motion to quash service of process.
We note in passing that, with one exception, the cases cited in support of the district court's per curiam affirmance are consistent with this rule. The Simari case, which is the exception, is being reversed in a decision handed down simultaneously with this one. In International Shoe Co. v. State of Washington, supra, the employment of salesmen within the state constituted both the nexus that subjected the defendant corporation to suit and the basis for the cause of action, which was for the collection of workmen's compensation taxes. In McGee v. International Life Ins. Co., supra, the insurance contract sued upon provided the cause of action and also the object of the activity held to subject that defendant corporation to suit.
It is not alleged that the present action arose out of any activities of the petitioner in Florida. Therefore, the writ is granted and the decision of the District Court of Appeal, First District, is quashed with directions to remand to the trial court with instructions to quash service of process against this petitioner.
THOMAS, ROBERTS, DREW and ERVIN, JJ., concur.
THORNAL, C.J., dissents.