191 So.2d 427 (1966)
ILLINOIS CENTRAL RAILROAD COMPANY, a Corporation, and Atlantic Coast Line Railroad Company, a Corporation, Petitioners,
v.
Sophie SIMARI and Anthony Simari, Her Husband, Respondents.
No. 34911.
Supreme Court of Florida.
September 21, 1966.
Rehearing Denied October 12, 1966.
Edward K. Goethe, of Giles, Hedrick & Robinson, Orlando, for petitioners.
Paul R. Stern, Daytona Beach, for respondents.
O'CONNELL, Justice.
We are asked to review by certiorari a decision of the District Court of Appeal, First District, reported as Simari v. Illinois Central Railroad Company, Fla.App. 1965, 179 So.2d 220, reversing an order of the trial court dismissing a complaint for want of adequate service. Respondent initiated this damage suit for injuries resulting from an accident that occurred in St. Louis, Mo. while she was a passenger on a train operated by petitioner. Respondent attempted to serve summons on petitioner by service on one C.J. Petty, its district passenger agent in Miami. The circuit court granted petitioner's motion to dismiss the complaint on ground of insufficiency of process. On appeal, the district court reversed, holding that service of process was sufficient under Sections 47.17 or 47.171 F.S.A., to vest jurisdiction in the trial court.
Petitioner is not licensed to do business in Florida and has not designated anyone to serve as its agent for the service of process. It does maintain two permanent *428 offices in Florida, staffed by thirteen permanent employees, for the purpose of soliciting passengers and freight for interstate trips originating in Florida and for routing such trips. However, these employees do not issue bills of lading, collect freight charges, sell passenger tickets, settle claims, or handle cash transactions of any kind. Although the contract for respondent's transportation was entered into in Florida it was made by the connecting carrier. Petitioner's employees had no contact of any kind with the respondent.
The district court viewed the case as presenting a two-fold question:
"first, whether such service comports with the due process requirement of the 14th Amendment to the United States Constitution; and, secondly, if that service does so comport, the said service complies with the requirements of the statutory provisions in Florida providing for the service of process upon foreign corporations."
The court decided, primarily on the authority of International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, that the subjection of petitioner to service of process in this case does not contravene any provision of the United States Constitution, specifically the Due Process Clause. Then, having determined that petitioner was "transacting business" in this state within the meaning of Secs. 47.17 and 47.171 F.S., the court concluded that service of process was sufficient under these statutes.
The conclusion reached by the district court was precluded by a precedent not cited or referred to in the district court's opinion but relied on by the petitioner here. In Zirin v. Charles Pfizer & Co., Fla. 1961, 128 So.2d 594, we acknowledged that the corporation against which substituted service was sought therein had been "doing business" within the state within the meaning of Sec. 47.171, but held, nevertheless, that the statute was intended to apply "only to obligations or causes of action which arose out of the activities of the corporation in the State." Therefore, the district court should never have reached the question whether this petitioner was doing business in the state, since it is apparent that this cause of action did not arise out of anything that the petitioner allegedly did in Florida. This conflict with our decision in the Zirin case is sufficient to satisfy the jurisdictional prerequisites for review here by certiorari.
It is true that the Zirin decision dealt in terms only with Sec. 47.171, whereas the court below held that service herein was authorized by both that section and Sec. 47.17. However, the subparagraph (5) of Sec. 47.17, which is applicable here, contains the same language that was construed in Zirin; there is therefore no reason why the same condition should not apply to service attempted under Sec. 47.17. H. Bell & Associates, Inc. v. Keasbey & Mattison Co., Fla.App. 1962, 140 So.2d 125.
Actually, the same requirement is also contained in the Supreme Court's opinion in the International Shoe Co. case, supra, much relied upon by the district court in the portion of its opinion that discussed the Due Process Clause. After pointing out that whether due process is satisfied must depend upon the nature and quality of the activity carried on within the state, Chief Justice Stone continued at page 319 of 326 U.S., at page 160 of 66 S.Ct.:
"But to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue. [Emphasis added.]"
*429 Therefore, the writ is granted and the decision of the District Court of Appeal, First District, is quashed with instructions to reinstate the order of the trial court dismissing the complaint.
THOMAS, ROBERTS and DREW, JJ., concur.
THORNAL, C.J., dissents with opinion.
THORNAL, Chief Justice (dissenting).
It is my view that the sale of the ticket by the connecting carrier created, in Florida, the obligation for safe passage out of which liability here accrued. I would discharge the writ.