FEDERAL INSURANCE COMPANY, a
New Jersey corporation, Plaintiff,

v.

MICHIGAN WHEEL COMPANY, a Michigan corporation, Defendant.

No. 66–1467–Civ–CF.

United States District Court
S. D. Florida.

April 10, 1967.

Smathers & Thompson, Miami, Fla., for plaintiff.

Blackwell, Walker & Gray, Miami, Fla., for defendant.

## ORDER

FULTON, Chief Judge.

THIS CAUSE came on to be heard before me upon Defendant's Motion to Dismiss the Amended Complaint for lack of jurisdiction over the Defendant corporation. Thereupon, an evidentiary hearing was conducted. In addition, a stipulation was entered into by the parties on March 23, 1967 for the purpose of said hearing.

Plaintiff has attempted service of process upon the Defendant pursuant to § 47.16, Florida Statutes, by serving the Secretary of State of Florida, and pursuant to §§ 47.17 and 47.171, Florida Statutes, by serving Anchor Boat Supply at 96 S.W. 7th Street, Miami, Florida, as "agent and/or resident for said Defendant in the State of Florida." The facts upon which Plaintiff and Defendant rely to justify and oppose service, respectively, are the subject of the March 23rd stipulation.

Defendant is a Michigan corporation with its principal place of business in Michigan, and has never been designated as a foreign corporation in Florida. Its only activities in Florida are the following. It has authorized five independent distributors who not only sell defendant's products, but are also "authorized field repair stations." A sales representative comes to Florida from Michigan approximately once a year to attend boat shows and call on these distributors.

Defendant makes available to the Florida public catalogs and price lists to promote sales of its products in this state. These products are shipped f. o. b. Grand Rapids, Michigan.

In 1963, the captain of the yacht "Windalier", who was in Miami, called the vessel's architect in New York to discuss obtaining a spare propeller for the Windalier. The architects told the captain that they would arrange the purchase, and later caused an order to be placed with Defendant's plant at Grand Rapids. This order was not brought about in any way by Defendant's advertising in Florida, and no Florida distributor for Defendant participated in the transaction.

The propeller was shipped f. o. b. Grand Rapids to the captain of the Windalier at the Bertram Ship Yards, Miami, Florida, where it was installed on the vessel. The installation was not supervised or effected by Defendant or its agents. In December, 1963, the Windalier was involved in a collision allegedly caused by a malfunction of the Michigan propeller. The boat sustained property damages for which Plaintiff was obligated to pay its insured, the vessel's owner, and thereby claims to be subrogated to its insured's claim against Defendant.

█ § 47.16(1), Florida Statutes, authorizes service upon a foreign corporation by serving the Secretary of State (1) if it shall "operate, conduct, engage in, or carry on a business or business venture" in Florida, (2) in any suit or proceeding "arising out of any transaction or operation connected with or incidental to such business or business venture." Sub-paragraph (2) of the statute creates a conclusive presumption of operating such a business or business venture if the foreign corporation through distributors sells, consigns or leases by any means whatsoever personal property in Florida. The statutory requirement that the cause of action arise out of or be incidental to the foreign corporation's Florida activities has recently been re-affirmed by the Florida Supreme

Court in three cases: Zirin v. Charles Phizer Co., 128 So.2d 594 (Fla.1961); Illinois Central R. Co. v. Simari, 191 So. 2d 427, Fla., and Giannini Controls Corp. v. Eubanks, 190 So.2d 171 (Fla.1966).

There has been no evidence offered herein which would tend to show that Plaintiff's action for negligent manufacture or breach of implied warranty arises out of or is incidental to Defendant's activities in Florida. On the contrary, it appears that the claim could have accrued without any and all of these activities, for it is entirely independent of and unrelated to them.

█ For good measure, Plaintiff also attempted service upon Anchor Boat Supply as agent and/or resident agent in Florida for Defendant, pursuant to §§ 47.17 and 47.171, Florida Statutes. Although neither of these statutes contains express § 47.16-type language that the cause of action sued on must arise out of the foreign corporation's transacting business in the state, that requirement has been engrafted onto §§ 47.17 and 47.171 by the Florida Supreme Court in Zirin and Simari, Supra; followed in Delray Beach Aviation Corp. v. Mooney Aircraft Co., 332 F.2d 135 (5th Cir. 1964).

█ Although Florida may have McGee—declared constitutional power [McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)] to flex its jurisdictional muscles more strongly, it has chosen, by its legislature and its Supreme Court, not to do so and has firmly established the above limitation on its long arm statute. This Court is bound by that choice. Rule 4(e) (1), Federal Rules of Civil Procedure.

Finding that this cause of action did not arise out of and was not incidental to Defendant's activities in Florida, as required by the long arm statute and cases thereunder, it is thereupon,

Ordered and adjudged that Defendant's Motion to Dismiss be and the same is hereby granted, and Plaintiff's Amended Complaint be and the same is hereby dismissed.