200 So.2d 564 (1967)
LOMAS & NETTLETON FINANCIAL CORPORATION, Appellant,
v.
ALL COVERAGE UNDERWRITERS, INC., Appellee.
No. 1173.
District Court of Appeal of Florida. Fourth District.
June 30, 1967.
*565 Michael R. Walsh of Anderson, Rush, Dean & Lowndes, Orlando, and Donald S. Rosenberg of Rosenberg, Rosenberg & Reisman, Miami, for appellant.
Egerton K. van den Berg of van den Berg & Gay, Orlando, for appellee.
ANDREWS, Judge.
The defendant, Lomas & Nettleton Finance Corporation, brings this interlocutory appeal from an order denying its motion to dismiss and motion to quash service of process in a suit brought by the plaintiff, All Coverage Underwriters, Inc.
Plaintiff filed suit based on an alleged breach by defendant of a mortgage brokerage contract. Plaintiff alleged that defendant, a Delaware corporation with its sole office in Dallas, Texas, was engaged in business in Florida so as to come within F.S.A. § 47.16, the so-called Long Arm Statute.
Service of process was made upon the Secretary of State of the State of Florida pursuant to F.S.A. § 47.30. Defendant, claiming it was not doing business in Florida, challenged the trial court's jurisdiction by motions to dismiss and quash service. After hearing the trial court denied these motions and defendant appealed.
The question for our determination is whether or not the defendant had such "minimum contacts" with Florida as to be amenable to the provisions of the Long Arm Statute. Lake Erie Chemical Company v. Stinson, Fla.App. 1965, 181 So.2d 587.
We find that defendant was doing business in Florida. The record shows that on at least two occasions defendant was engaged in financing the construction of improvements to real estate in Florida. In each instance the mortgages were to be serviced by the defendant's wholly owned subsidiary with offices in Miami. The resident vice president of the subsidiary, which acted as a mortgage broker, was also an assistant secretary of the defendant.
There is an even broader ground for finding the defendant subject to the terms of the Long Arm Statute. F.S.A. § 47.16 also provides for substituted service where a foreign corporation is engaged in a "business venture" within the state. This criterion can be met by a lesser involvement than that required for "doing business." Steel Joist Institute, Inc. v. J.H. Mann, III, Inc., Fla.App. 1965, 171 So.2d 625.
Measured by the standards enunciated by the Florida courts, defendant was engaged in a "business venture" with plaintiff in Florida. See: State ex rel. Weber v. Register, Fla. 1953, 67 So.2d 619; Florida Investment Enterprises, Inc. v. Kentucky Company, Fla.App. 1964, 160 So.2d 733; Oxley v. Zmistowski, Fla.App. 1961, 128 So.2d 186.
A recent Florida Supreme Court decision might suggest a retreat from the standards applied above. Illinois Cent. R.R. v. Simari, Fla. 1966, 191 So.2d 427. A closer view reveals that the court in Simari found that *566 the transaction leading to litigation did not arise from the in-state activities of the foreign corporation as required by F.S.A. §§ 47.17 and 47.171. That case is inapplicable here in that there can be no question but that plaintiff's suit arose out of defendant's Florida business activity which was mortgage financing.
Affirmed.
WALDEN, C.J., and CROSS, J., concur.