JOHNSON, Judge.
This is an appeal from a final judgment dismissing plaintiffs action without prejudice, which final judgment is predicated upon a previous order of the Circuit Court granting the defendant’s motion to dismiss on the ground that the court lacks jurisdiction over the defendant.
The trial court, in its order granting the defendant’s motion to dismiss, based its decision on said court’s interpretation of the recent decisions of the Florida Supreme Court in the cases of Giannini Controls Corporation v. Eubanks, 190 So.2d 171 (Fla.1966) and Illinois Central Railroad Company v. Simari, 191 So.2d 427 (Fla. 1966), and particularly in the Giannini case. Therefore, because of our determination in this case that the trial court was in error in granting said motion to dismiss, as will be pointed out hereinafter, we find it necessary and incumbent upon us to distinguish the facts of the case sub judice from the facts in Giannini and Simari, supra.
In this case, there was much evidence before the trial court outlining the nature of the respective businesses of the plaintiff and defendant, and showing wherein lay the business dealings between the parties. Also, there was considerable evidence to the effect that the defendant, in addition to the business it did with the plaintiff in furnishing certain hardware used and to be used by the plaintiff in its seat belt manufacturing operations, also did a considerable amount of other business in Florida, over a period of some 10 or 15 years, and had a sales agent in Florida until 1963. Also, it was pointed out that the catalogues put out by the defendant describe its mode of operation as having convenient sales offices about the United States, listing the names and addresses thereof, which included among them Southern Engineering Service, Inc., Miami, Florida. Officers of the defendant corporation made various and sundry trips to Florida promoting sales and prospecting for new business. Engineers of the defendant even spent some time with the plaintiff at its business, giving suggestions for improving plaintiff’s business as well as collecting samples of hardware used by plaintiff, for the purpose of permitting the defendant to. make something similar to be used by the plaintiff. The evidence showed that defendant sold and delivered to the plaintiff’s plant in Duval County, Florida approximately $160,000 worth of hardware in the past couple or three years.
The sending of the principal officers of the defendant corporation and its other agents and engineers, into this state for the purpose of promoting and furthering the company’s business in Florida, coupled with the actual sales and deliveries made in Florida, amounts to doing business within the state so as to permit service of process on the defendant company through the Secretary of State as provided in Florida Statutes 47.16, F.S.A.
In the case of Giannini, supra, the Supreme Court related its decision therein to its decision in the Simari case, published simultaneously therewith and authored by the same Justice. In said cases, the Supreme Court cited with approval International Shoe Co. v. State of Washington[1] as the court’s authority for reversing the District Court in its two decisions approving the long arm process in each, but did it on the ground, as emphasized, that the obligation did not arise out of or was connected with the activities within the state. There was no determination in either Giannini or Simari by the Supreme Court, as to whether either company was doing business in Florida, but only that there was no direct connection between the business done in Florida and the incident giving rise to claims for damages. We think the facts alleged in the case sub judice, if true, definitely show that the obligation of the defendant to the plaintiff did arise out of and *339 were directly connected with the activities of the defendant within this state and arose out of the defendant’s exercise of its privilege of conducting activities within this state.
The United States Supreme Court case of International Shoe Co. v. Washington, supra, is relied upon by all the parties, apparently, as authority for their respective contentions, as was done also, in Giannini and Simari, supra, wherein we find this pertinent statement of the law, which we, too, think applicable here, as the governing law, with only the factual situation making for a different determination of the case sub judice from that found by the trial court, to wit:
“But to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.”
The meaning of Florida Statutes 47.16, F.S.A. or Florida Statutes 47.17 or 47.171, F.S.A. is clear to us to afford due process that meets the requirement of the Due Process Clause of the United States Constitution, if a nonresident wishes to afford itself of the privilege of the Florida markets, thereby creating attendant obligations which justice requires should be determined in the local forum.
We do not construe the language of the Supreme Court in Giannini, supra, as- the trial court did.
Florida Statutes 47.16, F.S.A, provides inter alia:
“The acceptance by any person or persons * * * who are residents of any other state * * * and all foreign corporations * * * of the privilege extended by law to nonresidents * * * to operate, conduct, engage in, or carry on a business or business venture in the state * * * shall be deemed equivalent to an appointment by such persons and foreign corporations of the secretary of state * * * as the agent of such * * * foreign corporations upon whom may be served all lawful process in any action, suit or proceeding against them * * * arising out of any transaction or operation connected with or incidental to such business or business venture, and the acceptance of stick privilege shall be signification of the agreement of such persons and foreign corporations that any such process against them or either of them, which is so served shall be of the same legal force and validity as if served personally on such persons or foreign corporations. * * * ” [Emphasis added.]
There is no question raised as to the validity of the above cited Statute. The only question, therefore, is whether or not the damages complained of arose out of or are connected with or incidental to such business. It appears clear to us that ap-pellee was exercising and accepting the privilege extended by law to nonresidents to conduct, operate or engage in business and business ventures in Florida, as provided in Florida Statutes 47.16, F.S.A., and it is equally clear to us that had not the defective hardware in question been sold to and delivered to and used by the appellant in its Florida operation, there would have been no damages sustained. Therefore we think, and so conclude, that the allegations of the complaint are sufficient to withstand the attack of a motion to dismiss for lack of jurisdiction, as was filed in this cause. The decision we are rendering here today in this case, is not in conflict with the decisions in Giannini and Simari supra, but parallel to the thinking therein expressed *340 by the Supreme Court, because of the alleged different factual situations.
Said case is therefore reversed and the final judgment set aside and the complaint reinstated for further proceedings according to law.
Reversed and remanded.
CARROLL, DONALD K., Acting C. J., and SPECTOR, J., concur.

. International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.