George W. **WOODHAM**, Appellant,

v.

**NORTHWESTERN STEEL & WIRE CO.**
et al., Appellees.

**No. 24617.**

United States Court of Appeals
Fifth Circuit.

Feb. 5, 1968.

Rehearing Denied March 14, 1968.

Robert Orseck, Miami, Fla., William Wagner, Tampa, Fla., Nichols, Gaither, Beckham, Miami, Fla., Colson, Spence & Hicks and Wagner, Cunningham & Vaughan, Tampa, Fla., and Podhurst & Orseck, Miami, Fla., for appellant.

John F. Turbiville, Tampa, Fla., Michael B. Piper, St. Petersburg, Fla., John W. Boult, Ralph C. Dell, Joseph G. Heyck, Jr., Allen, Dell, Frank & Trinkle, Tampa, Fla., for appellee Chicago, Burlington and Quincy R.

McClain, Turbiville & Davis, Tampa, Fla., for appellee Gulf, Mobile & Ohio R. Co.

Before JONES, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

In the state courts of Florida Woodham brought a personal injury action against four corporate defendants, alleging that the proximate cause of the injury he received when a roll of reinforcing wire mesh fell on him while he was unloading the wire from the railroad boxcar in which it had been shipped from Illinois to Florida was the negligence of some or all of the defendants in loading and handling the wire. After the case was removed to the district court on the grounds of diversity of citizenship and requisite jurisdictional amount, two of the defendants [1] were dismissed from the case, after a hearing on their respective motions,[2] on the ground that the court lacked jurisdiction over their persons.[3]

On September 1, 1966, a final judgment of dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure was entered by the district court, and this appeal ensued.

On appeal Gulf and Chicago urge that jurisdiction does not lie because they are not doing business in the State of Florida and because the cause of action is not grounded in their activities within the state. Woodham, on the other hand, argues that the district court has jurisdiction because under the facts of this case Chicago and Gulf have sufficient minimum contacts in Florida to subject them to service of process and further that the action does not have to arise

---

1. Chicago, Burlington and Quincy Railroad (hereinafter called "Chicago"), an Illinois corporation, and Gulf, Mobile and Ohio Railroad Co. (hereinafter called "Gulf"), a Mississippi corporation.

2. Gulf had filed a motion to Vacate Service and Chicago had filed a Motion to Dismiss.

3. The remaining defendants, Northwestern Steel and Wire Co. and Seaboard Airline Railroad Co., filed answers to the complaint and are not involved in this appeal.

out of the corporation's activities within the state.

■ Chicago and Gulf's contacts with Florida may be briefly summarized as follows: They are foreign corporations which have not qualified to do business in Florida. However, both companies lease office space in the state, own the office furniture and pay state taxes on that furniture. Both maintain resident business agents, who have worked in Florida for about fifteen years, and clerical personnel who actively solicit passenger and/or freight business in Florida for their respective companies. Each corporation has telephone listings in the state in its own name. The business agents for each corporation successfully generate a large volume of business for their respective railroads. We have no difficulty in finding that these contacts, of a substantial and permanent nature, are sufficient to meet the minimum contacts test of due process under the Fourteenth Amendment. Compare Phillips v. Hooker Chemical Corp., 5 Cir., 1967, 375 F.2d 189. Therefore, it is necessary to determine whether the appellees are amenable to process under the applicable Florida statute. Put another way, is it necessary to effect valid service under the facts of this case that the cause of action arise out of the corporation's activities within the state?

■ In determining the validity *vel non* of service of process on a foreign corporation, the court must, in each instance, consider the particular facts of the case *sub judice* and apply to these facts the law of the forum state. E. g., Tetco Metal Products, Inc. v. Langham, 5 Cir. 1968, 387 F.2d 721. In the instant case service of process was made under section 47.17(4), F.S.A. That section provides: "Process against any corporation, domestic or foreign, may be served * * * upon any officer or business agent, resident in the State." While no case construing this section of the Florida statutes has been cited to us, nor have we found one, cases construing other service of process statutes are useful. Several sections of the Florida service of process statutes require that the agent served be "transacting business for it in this state." [4] The Florida courts have held that this language requires that before service is valid the cause of action sued upon must have arisen out of business transacted in Florida. Illinois Central R. R. v. Simari, Fla. 1966, 191 So.2d 427 (F.S. § 47.17(5) and F.S. § 47.171); Giannini Controls Corporation v. Eubanks, Fla.1966, 190 So.2d 171 (F.S. § 47.16); Zirin Enterprises v. Charles Pfizer & Co., Fla.1961, 128 So.2d 594 (F.S. § 47.171). Appellee argues that these cases are controlling. However, other Florida service of process statutes do not contain this limiting language. Sections 47.17(1)–(4), F.S.A. fall into this category. These sections provide for service upon certain named corporate officials in descending order of management responsibility. Section 47.17(4), F.S.A., with which we are here concerned, allows service to be made on a *resident* business agent if none of the corporate officials named in the preceding sections are present in the state. If there is no resident agent or other officer present, section 47.17(5) with its limiting language, discussed supra, comes into play, and allows service on any agent transacting business in the state. In H. Bell & Associates, Inc. v. Keasbey & Mattison Co., Fla.App.1962, 140 So.2d 125, the court considered the question of the validity *vel non* of service on the president of a foreign corporation under section 47.17(1). In a carefully reasoned opinion the court held the service valid even though the cause of action did not arise out of business transacted in the state. We are convinced that the rationale of *Bell* is controlling here.

■ After distinguishing Zirin Enterprises v. Charles Pfizer & Co., supra, the court in *Bell* stated:

Under the rules of statutory construction, by the failure to include the conditional limitation on each subsection,

<hr>

4. Section 47.17(5), F.S.A.; section 47.171, F.S.A.; section 47.16, F.S.A.

it was apparently not the intention of the legislature to make as a requirement to valid service upon those classes of persons enumerated in subsection (1) of the statute a finding that they were transacting business for the corporation in this state and, as elaborated by the supreme court in Zirin Enterprises v. Charles Pfizer & Co., supra, that the cause of action must have arisen out of the transaction in this state. There is a logical explanation as to why the legislature would not have engrafted this requirement upon subsection (1): the purpose of process is to advise the party of the nature of the action brought against him. * * The test used to determine if service upon an agent is sufficient to constitute service upon a corporation is whether or not, in fact, the corporation will receive notice of the action.

H. Bell & Associates, Inc. v. Keasbey & Mattison Co., supra, at 127. The analysis of section 47.17(1), F.S.A. by the Florida court in *Bell* is equally applicable to section 47.17(4), F.S.A. The legislature omitted the "transacting business" requirement from this subsection. No Florida court has read the *Zirin* requirement into this subsection, nor do we. We think it is perfectly plain that (assuming the necessary minimum contacts) an agent conducting sporadic business in Florida for a foreign corporation, or a transitory or non-resident agent irregularly doing business in the state is within the purview of sections 47.16, 47.17(5) and 47.171, F.S.A. where the cause of action must arise out of the corporate activity in Florida to support service, for in such instances it makes sense that there may be great likelihood that the corporation will not receive notice of the suit. On the other hand, where a business agent of a foreign corporation actually resides in Florida and engages in sustained, continuous business for his employer, the corporation may be sued by service on the resident agent under section 47.17(4), F.S.A., regardless of where the cause of action arose because it can be reasonably expected that the corporation will receive notice of the suit.

It was, therefore, error to grant Chicago's Motion to Dismiss and Gulf's Motion to Vacate Service.

Reversed and remanded.

JONES, Circuit Judge (dissenting):

It does not seem to me that the Florida employees of the non-resident railroads were of the kind which permit service upon them to bind their employers and I would affirm the judgment of the district court. Therefore, I

Dissent.

## ON PETITION FOR REHEARING

PER CURIAM:

It is ordered that the petition for rehearing and the Suggestion for Certification of Question to the Supreme Court of Florida in the above entitled and numbered cause be, and the same are, hereby denied.

JONES, Circuit Judge.
I dissent.