SWANN, Judge.
These consolidated interlocutory appeals are from an order which quashed service of process, upon the defendant, Public Finance Service, Inc., a Pennsylvania corporation. The trial court found that service of process was made upon Frederick J. Mayers, that he was not an officer, business agent, resident agent, or otherwise authorized agent for the foreign corporation and that there was insufficient proof that the defendant corporation was, or had, transacted business within the State of Florida.
The sole question on this appeal, is whether the trial court erred in entering its order quashing process upon Public Finance Service, Inc.
Mayers’ occupation was Regional Director of thirteen Hunt Loan Companies in Florida but His employer was Public Finance Service, Inc. As Regional Director of Hunt Loan Company, he supervised two other “supervisors” who worked directly under him and whose salaries were also paid by Public Service Finance, Inc.
The operations of the thirteen separate Hunt Loan Company offices were directly regulated by Mayers and his two supervisors. In addition thereto, he set the general policies for the Hunt Loan Companies, all of which were wholly owned subsidiaries of the defendant, doing business as small loan companies in Florida. In addition to setting up loan policies, he set the policies for collection of the delinquent accounts. In his capacity as Regional Director, he was furnished a car in Florida by the defendant foreign corporation. Public Service Finance was not authorized to do business in Florida and had not appointed a resident agent within the State.
Mayers testified that he visited every office of Hunt Loan Company consistently to be sure that they were conforming to the policy which he set and that it was for “collections and lending as well as management.” He spent an average of about forty- *271 five hours a week in this capacity and his two “supervisors” did the same thing. His immediate superior was a vice president of the foreign corporation and he had authority to hire and fire the individual managers for each one of the individual Hunt Loan Company corporations. In addition to his salary, he was also furnished with an expense account by Public Finance Service, Inc. Service of Process in the instant case was attempted under Fla.Stat. § 47.171, F.S.A., which provides:

“47.171 Service of process; domestic and foreign corporations
When any domestic or foreign corporation shall fail to comply with §§ 47.34 and 47.35 relating to the designation of the place for service of process, or in the alternative, with § 47.36, relating to the designation of the office of the clerk of the circuit court as a place for service of process, then process directed to any domestic corporation failing to comply with said sections may be served upon any officer or agent of such domestic corporation resident in the state of transacting business for it in the state. Process directed to any foreign corporation failing to comply with said sections may be served upon any agent of such foreign corporation transacting business for it in Florida. * * * ”

Fla.Stat. § 47.171 requires substantially the same amount of business activity to involve its application as does Fla.Stat. § 47.16. Giannini Controls Corporation v. Eubanks, Fla.1966, 190 So.2d 171.
We, therefore, find that the defendant corporation was engaged in sufficient business to make “minimum contacts” within the State of Florida so as to subject itself to process within the State. See Lomas & Nettleton Financial Corp. v. All Coverage Underwriters, Inc., Fla.App.1967, 200 So.2d 564; Lake Erie Chemical Company v. Stinson, Fla.App.1966, 181 So.2d 587; Hubsch Mfg. Co. v. Freeway Washer & Stamping Company, Fla.App.1967, 205 So.2d 337.
For the above and foregoing reason, the order appealed from is hereby reversed and the cause remanded with instructions to proceed in accordance herewith.