**Larry J. HOFFMAN, as Executor of the Estate of E. W. Callaway, Deceased, and Bank of Commerce of Florida, Appellants,**

v.

**AIR INDIA, Appellee.**

No. 24932.

United States Court of Appeals Fifth Circuit.

March 26, 1968.

Rehearing Denied June 18, 1968.

—————◆—————

Robert Orseck, Aaron Podhurst, Miami, Fla., for appellants.

Jackson L. Peters, Cecyl L. Pickle, A. Lee Bradford, Miami, Fla. (Boeing Co.), for appellee.

Before BROWN, Chief Judge, and JONES and CLAYTON, Circuit Judges.

## PER CURIAM:

The District Judge dismissed Appellants suits (filed January 1967) against Air India for lack of jurisdiction over the person of that foreign corporation. The sole question presented is whether Florida's long arm statute, F.S.A. §§ 47.16, 47.17, 47.171, and especially § 47.17(4),[1] is long enough to subject Air India to suit in Florida on a claim which did not arise in any way out of Florida activities.[2] We reverse.

Air India's only troublesome contention is that for service of process on its resident agent to be perfected under Florida's long arm statute the cause of action must arise out of the foreign corporation's business activities within the State of Florida notwithstanding the fact that it maintained an office in Miami in which it regularly carried on substantial business for its own profit.[3]

Subsequent to the decision below and indeed during the pendency of this appeal this contention was decided adversely to Air India in the recent case of Woodham v. Northwestern Steel & Wire Co., 5 Cir., 1968, 390 F.2d 27 (Feb. 5, 1968). In a fact situation not nearly so strong as this one this Court held that "where a business agent of a foreign corporation actually resides in Florida and engages in sustained, continuous business for his employer, the corporation may be sued by service on the resident agent under section 47.17

---

1. Section 47.17 provides:

    "Service of process on private corporation.—Process against any corporation, domestic or foreign, may be served: * * *

    "(4) Upon any officer or business agent, resident in the state."

    A new subparagraph (8) has been added (approved by the Governor July 25, 1967):

    "(8) Where a corporation has a business office within the state and is actually engaged in the transaction of business therefrom, service upon any officer or business agent, resident in the state, may personally be made, pursuant to this section, and it is not necessary in such case, that the action, suit or proceeding against the corporation shall have arisen out of any transaction or operation connected with or incidental to the business being transacted within the state."

2. The airplane crash which gave rise to this suit occurred in France. The round trip ticket had been purchased and issued by Air India's New York Office. Air India is a foreign corporation not licensed to do business in Florida.

3. The uncontradicted facts from Air India's resident manager showed the following contracts with Florida. The Corporation maintains and pays the rent on a permanent office at 100 Biscayne Boulevard, North, in Miami for the purpose of selling tickets for seats on Air India flights (none of which originate or terminate in Florida). A regularly employed, full-time district sales manager and three other employees work in the Miami office each of whom is a permanent resident of Florida. Literature and promotional material is distributed by those employees. Tickets are sold and issued and reservations on flights are made directly by the Miami office. The office has a telephone and a listing in its name plus yellow page advertisements in the Miami telephone book. The district manager is a permanent resident of Miami and is answerable only to the sales manager in New York. It was the resident district manager in Miami who was personally served with process in this suit. These facts clearly are enough to satisfy due process clause requirements. See Woodham v. Northwestern Steel & Wire Co., 5 Cir., 1968, 390 F.2d 27; cf. Phillips v. Hooker Chem. Corp., 5 Cir., 1967, 375 F.2d 189.

(4), F.S.A., regardless of where the cause of action arose * * *." 390 F.2d at 30.

The Florida arm, short or long, is long enough to reach the one-third mile from the United States Courthouse, 300 N.E. First Avenue, Miami, to nearby 100 Biscayne Boulevard, North.

Reversed.

JONES, Circuit Judge (concurring specially):

I dissented in Woodham v. Northwestern Steel and Wire Co., cited in the Court's opinion, because of my belief that the persons upon whom process was served were not of the kind necessary to come within the purview of the Florida Statute. I concur in the decision in this case because I believe that the doctrine of stare decisis requires it. I concur for the further reason that the agents upon whom service of process was made in this case were of a kind which the Florida Statute did and properly could permit service to be made upon.