Michael Roger **DONNELLY**, Administrator of the Estate of Marcia Donnelly, deceased, Plaintiff,

v.

The **KELLOGG COMPANY**, a Delaware corporation, Albert Ackerman et al., Defendants.

No. 67–1104–Civ.

United States District Court
S. D. Florida.
Nov. 13, 1968.

Sams, Anderson, Alper & Spencer, Miami, Fla., for plaintiff.

Carey, Dwyer, Austin, Cole & Selwood, and by Walton, Lantaff, Schroeder, Carson & Wahl, Miami, Fla., for defendant Kellogg Co.

Rosen & Rivkind, Miami Beach, Fla., for defendant Albert Ackerman.

Dixon, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for defendant Miami Propeller Service.

Smathers & Thompson, Miami, Fla., for defendant Cities Service.

## ORDER

FULTON, Chief Judge.

This cause came on to be heard upon the Defendant Kellogg Company's Motion to Quash service of process and Motion to Dismiss the Complaint. The Court has carefully considered the pleadings, the answers to interrogatories, and memoranda of law submitted by counsel.

The facts pertinent to these Motions are as follows: The Kellogg Company is a non-resident corporation which conducts no business directly in the state of Florida. The Kellogg Sales Company is a 100% owned subsidiary of the Kellogg Company. Kellogg Sales is authorized to do business in Florida and does in fact maintain offices and a staff in Florida.

In November of 1966, a jet aircraft owned by the Kellogg Company was used to transport executives of both Kellogg and Kellogg Sales to Miami, Florida for a business meeting. During their stay in Florida, the chief pilot for Kellogg took the aircraft aloft and on a flight to Freeport, Grand Bahama, crashed in international waters killing the Plaintiff's wife, who was the sole passenger in the plane.

This action was brought under the Death on the High Seas Act, 46 U.S.C. § 761 et seq., and Rule 4(d) (7) of the Federal Rules of Civil Procedure provides for service of process pursuant to the law of the state. Consequently, the Plaintiff has attempted to serve process on Defendant Kellogg Company under two sections of the Florida "Long Arm" statutes: First, by substituted service by serving the Secretary of State pursuant to § 48.181, Florida Statutes, F.S.A.; and secondly, by serving the district manager of the Kellogg Sales Company as "business agent" of Kellogg Company, pursuant to § 48.081, Florida Statutes, F.S.A.

The first question that must be decided is whether the Kellogg Company is doing business in the State of Florida.

The facts show that the Kellogg Company has no direct contacts with Florida, and if Kellogg is doing business in Florida, it could only be doing so indirectly through its subsidiary, Kellogg Sales. In Berkman v. Ann Lewis Shops, 142 F.Supp. 417, aff'd 246 F.2d 44 (2nd Cir.1957), the Court held that a foreign corporation was not doing business within the state where it was clear that the wholly owned subsidiary was not a dummy. The Court there did note "this is not to say that a statute might not constitutionally be drawn which would make the presence in a state of a wholly-owned subsidiary of a foreign corporation sufficient basis to assert jurisdiction over the parent company." Subsequently, the Florida Legislature did this by adding subsection (2) to former § 47.16 (now subsection (3) of § 48.181) so as to encompass distributors, jobbers, wholesalers, and brokers for foreign corporations. Thus, that sub-section provides that a foreign corporation is conclusively presumed to be doing business in the state when it sells, consigns, or leases tangible or intangible property through one of the above.

The Kellogg Company does sell and distribute its products through the Kellogg Sales Company, and in view of the above amended statute and Delray Beach Aviation Corp. v. Mooney Aircraft, Inc., 332 F.2d 135 (5th Cir.1964) and Deere & Company v. Watts, 148 So. 2d 529 (Fla.App.1963), it would be presumed that Kellogg Company was doing business in Florida.

The next question to be answered is whether the cause of action must arise out of the foreign corporation's activities within the state.

The very language of § 48.181, Florida Statutes, F.S.A., shows that the cause of action must arise out of or be incidental to the corporation's activities within the state. Therefore, if substituted service on the Secretary of State is to be valid, the cause of action must have arisen out of business transacted by Kellogg Company in Florida. The statutory requirement that the cause of action arise out of or be incidental to

the foreign corporation's Florida activities has recently been reaffirmed in Zirin v. Charles Pfizer Company, 128 So.2d 594 (Fla.1961); Illinois Central Railroad Company v. Simari, 191 So.2d 427 (Fla.1966); Giannini Controls Corp. v. Eubanks, 190 So.2d 171 (Fla.1966) and by this Court in Federal Insurance Company v. Michigan Wheel Company, 267 F.Supp. 639 (S.D.Fla.1967).

It appears from the answers to interrogatories that officers of both Kellogg and Kellogg Sales came to Miami from all parts of the country for a meeting of the Board of Directors of Kellogg and for conferences between Kellogg, Kellogg Sales, and other subsidiaries of Kellogg. Some discussions were held which related to increasing the sales of Kellogg products in the United States, generally, as well as in Florida. However, the pertinent question is whether this *plane crash* arose out of these business activities. This airplane crashed in international waters while the pilot was flying to Freeport, Grand Bahama, for his private purposes, unrelated to the business of Kellogg Sales, the Kellogg subsidiary in Florida. Therefore, this Court concludes that the Plaintiff's cause of action neither arose out of nor was incidental to Kellogg's activities in Florida and that substituted service of process pursuant to § 48.181, Florida Statutes, F.S.A., was invalid.

It is now necessary to consider the alternative method employed by the Plaintiff to obtain jurisdiction over Kellogg Company, under § 48.081, Florida Statutes, F.S.A.

After the Florida Supreme Court decided Illinois Central Railroad Company v. Simari, supra, what is now § 48.081, Florida Statutes, F.S.A., was amended (the "Simari Amendment") to eliminate this connexity requirement where a foreign corporation maintains an office in the state and transacts business from it.

In this regard, the Court of Appeals for the Fifth Circuit has recently considered the connexity requirement and the so-called "Simari Amendment" [§

48.081(5), Florida Statutes, F.S.A.] in Woodham v. Northwestern Steel & Wire Co., 390 F.2d 27 (5th Cir.1968), and Hoffman v. Air India, 393 F.2d 507 (5th Cir.1968). In both cases the Court held that the defendant corporations were amenable to service of process even though the cause of action was unrelated to their business activities within the state.

It should be noted that while these two cases fit squarely within the terms of the "Simari Amendment", the instant case does not. In *Woodham*, the appellee railroads leased office space in the state, owned office furniture, and maintained resident business agents and clerical personnal who actively solicited passenger and/or freight business. In *Hoffman*, the uncontradicted facts show that Air India rented permanent office space in Miami for the purpose of selling tickets and employed a full-time district sales manager and other employees.

The Kellogg situation is easily distinguishable from the above but is quite similar to the corporation in Berkman v. Ann Lewis Shops, supra. Kellogg Company neither maintains an office in Florida nor employs any persons in the state. The Kellogg Sales Company does maintain an office and a staff in Florida, but the two corporations are separate legal entities with separate legal identities. While there is some interlocking of management, both are independent, viable concerns, and under these circumstances it could not be said that the offices of Kellogg Sales are also the offices of Kellogg Company. Therefore, service of process on the district sales manager of Kellogg Sales as business agent of Kellogg Company is invalid since the facts of the case do not satisfy the terms of § 48.081(5), Florida Statutes, F.S.A.

Thereupon, it is

Ordered and adjudged that the Defendant Kellogg Company's Motion to Quash and Motion to Dismiss be and the same are hereby granted.