PER CURIAM.
This is an interlocutory appeal from an order denying a motion of the appellant-defendant to dismiss for want of jurisdiction. The appellant is a foreign air carrier conducting commercial flights between New York and foreign countries. This action, in which it was made a defendant, arose out of a crash of certain commercial aircraft in Dade County. The defendant was served by summons in Dade County, by delivery of a copy of the summons to one G. P. Plasencia, the resident agent of the defendant.
We hold that the order sustaining the service of process on the appellant-defendant was correct. The defendant had qualified with the Florida Secretary of State and had appointed the said resident agent. It was shown that an office maintained by the defendant in Dade County, Florida, was and for some years had been operated by its said resident agent, with a number of other employees, wherein it solicited and contracted for business through sale of tickets for flights on the defendant carrier outside of Florida and to foreign countries. The amount of the business so conducted in Florida was shown to be substantial if not extensive. The service of process upon the agent who was the designated resident agent, and the managing agent in fact of the defendant’s business office in this state was proper and effective to obtain jurisdiction over the defendant. See § 48.081(3) Fla.Stat., F.S.A.; Junction Bit & Tool Co. v. Institutional Mortgage Co., Fla.App.1970, 240 So.2d 879; Hoffman v. Air India, 5 Cir.1968, 393 F.2d 507.
Affirmed.