HOBSON, Justice.
Eleanor Leslie Lear filed suit against her husband Edward L. Lear predicated upon willful, obstinate and continued desertion for a period of more than one year. Substituted service was effected. The notice mailed to Mr. Lear was not returned to the Clerk of the Circuit Court. It therefore must be assumed that the defendant husband received the notice and was apprised of the charge made by his wife. Decree pro confesso was entered against him. The matter was referred to a Special Master who, after hearing all the evidence, recommended the entry of a decree of divorce in favor of Mrs. Lear.
The Chancellor did not follow the recommendation of the Special Master because, as he stated, “ * * * it is the opinion and finding of the Court that Plaintiff failed to produce corroborative evidence as to essential facts, namely, that Defendant’s desertion of Plaintiff had been willful and obstinate. Bowersox v. Bowersox, 157 Md. 476, 146 A. 266 [65 A.L.R. 165], ‡ ‡ * »
It is clear that the question presented is whether the evidence and the proper inferences deducible therefrom sustain the charge that Mr. Lear’s desertion of his wife was willful and obstinate.
We shall first deal with the Maryland case of Bowersox v. Bowersox, which was relied upon by the Chancellor. In that case the husband, who was the plaintiff, had left his wife. In such a situation it is necessary in order to establish constructive desertion that there be corroboration of the facts, if it be a fact, that the husband had just cause for leaving his wife. The corroborating witnesses’ testimony in the Bowersox case did not directly or by reasonable inference lend strength to, or make more credible the testimony of Mr. Bowersox on this vital point. In the instant case the charge is one of actual — not constructive — desertion and its proof is less complicated if, indeed, the threshold of proof is not lower. We have no criticism of the Bowersox opinion to offer, but it is not sufficiently analogous to be persuasive in the case now before us.
Eleanor Leslie Lear testified in substance that: she and her husband were married October 2, 1954, in Easton, Pennsylvania; they came to live in Florida a few days after their marriage; her husband deserted her on October 9, 1954; just prior to such desertion he stated “he didn’t think he cared too much for marriage that he would rather be a bachelor and he didn’t care too much for looking for work either”; she came home from work on October 9, 1954, and found that he had left their home, had taken “all his belongings” with him and she never heard from him after that.
Mrs. Lear produced two witnesses who, after testifying to her residence in Florida for more than the period required by our statute, stated under oath that they had never met Edward L. Lear but knew for *521 a fact neither he nor any other man had lived with Eleanor Leslie Lear as her husband for over a year.
From the testimony of the corroborating witnesses there flows only one reasonable, and indeed inescapable, inference which is that Mr. Lear was guilty of having lived apart from his wife and neglected his marital duties for a period greater than one year. An inference of this character is by law elevated for the purpose of further inference to the dignity of an established fact. It may independently, or together with other established facts, become a predicate for a further inference, contrary to the general rule that one inference may not be superimposed upon another. Voelker v. Combined Ins. Co. of America, Fla., 73 So.2d 403.
This inference so dignified, considered in connection with the evidence as a whole, gives rise to the further inference that such desertion was willful and obstinate, for otherwise Mr. Lear would have returned and resumed his marital obligations. Such reasonable inference preponderates over all other reasonable inferences. The testimony of the corroborating witnesses and the inferences appropriately deduced therefrom lend credence to and strengthen Mrs. Lear’s testimony. In other words, the test applicable to the sufficiency of corroborative evidence has been satisfied. The generally accepted rule is that in the absence of collusion corroboration need only be slight. The record in the instant case does not disclose, nor does it even suggest, collusion.
We are constrained, therefore, to hold that the learned Chancellor erred in denying a divorce to, and dismissing the complaint of, Eleanor Leslie Lear. Were we to rule otherwise, no one in Mrs. Lear’s position could ever secure a divorce unless such person, which would seldom, if ever, be the case, could produce witnesses who actually heard the offending spouse state that he or she intended, upon leaving his or her mate, never to return. The cause is reversed with directions to the Chancellor to enter a decree of divorce as prayed for in the complaint.
Reversed with directions.
THOMAS, Acting Chief Justice, and ROBERTS, DREW and THORNAL, JJ., concur.
O’CONNELL, J., dissents.
TERRELL, C. J., not participating.