### HINTON v. HINTON.
No. 59-2211-E.

Circuit Court, Duval County.

March 17, 1961.

Joel L. Goldman, Jacksonville, for plaintiff.

WILLIAM H. MANESS, Circuit Judge.

This cause came on to be heard upon plaintiff's application for a final decree after the filing of the report of the special master which recommended the entry of a final decree granting plaintiff a divorce after a finding "that the defendant is guilty of having deserted the plaintiff since *some time during the year 1947*, and that the desertion was willful, continued and obstinate for more than one year before the filing of the plaintiff's complaint herein" on July 9, 1959.

Upon consideration of said report filed April 7, 1960, this court advised counsel for plaintiff on April 8, 1960, that the testimony and evidence was wholly insufficient to support said finding because "there is no corroboration of the fact that the husband had just cause for leaving his wife and no corroboration of her refusal to move with him to Atlantic City, from which facts a constructive desertion by the wife of the departing husband can be inferred." (See Lear v. Lear, 95 So. 2d 519). The court further indicated that unless an order of court was obtained for leave to take further testimony to cure this and other less vital deficiencies that the report of the special master would be disapproved and the cause dismissed.

Thereafter, counsel for plaintiff submitted three affidavits to the court which, although not in proper form, have been considered by this court as supplemental to the evidence presented to the special master. Two of these affidavits given by defendant, one dated July 12, 1960, and one dated January 30, 1961, are relied upon to supply the deficiency in the corroboration of the plaintiff's "just cause" for separation and defendant's "refusal" to follow her husband when he was transferred to Atlantic City, N. J. However, taken at face value, *even ignoring the collusive nature of this "evidence"*, the affidavits show that after the parties married in March of 1945 (either 21st or 24th) they lived together only about two months and separated in May of 1945; that one child was born as a result of such marriage on January 30, 1946, which child plaintiff has seen only on "one occasion, which was in 1946"; that from this fact this court finds not only that plaintiff has failed to corroborate his own testimony that he lived with defendant "as a proper husband" for one year (contrary to the finding of the special master) but also that plaintiff has wholly failed to prove the material allegations of his complaint that he did all in his power to make the "home life" of the defendant happy until some time in April of 1947 when plaintiff "acquired a new residence in Atlantic City, N. J., to be the domicile of these parties."

Obviously these parties have been separated for many years, do not love each other, never intend to live together again and have a child now fifteen years of age which plaintiff has not seen since but one time (when he was less than a year old) but there is *no evidence* from which this court can infer any more blame for the separation on one party than the other and the most compelling inference is that these parties separated by mutual consent and have so remained separated these many years. There is still *no corroboration* of plaintiff's testimony that plaintiff tried for two years to get defendant to join him at his new duty station and certainly if he made any effort at all he would have seen his son more than one time.

Such sketchy, vague, indefinite and uncorroborated testimony will not support a cause of action for divorce on the theory of desertion or any other ground recognized by Florida law, even though the parties have in fact been separated for approximately fourteen years.

Accordingly, it is ordered, adjudged and decreed that the plaintiff's prayer for divorce should be, and the same is hereby, denied and this cause is hereby dismissed with prejudice.