240 So.2d 879 (1970)
JUNCTION BIT & TOOL CO., a Colorado Corporation, Appellant,
v.
INSTITUTIONAL MORTGAGE COMPANY, a Florida Corporation, Appellee.
No. 70-635.
District Court of Appeal of Florida, Fourth District.
November 13, 1970.
*880 A. Graham Allen, of Bryant, Freeman, Richardson & Watson, Jacksonville, for appellant.
Peter Haddad, of Crofton, Holland & Starling, Titusville, for appellee.
REED, Judge.
The appellee, Institutional Mortgage Company, filed in the Brevard County, Florida, Circuit Court an instrument styled "Petition to Enforce Compliance with Judgment". The appellant, Junction Bit & Tool Co., was named as the "respondent". We will refer to Institutional Mortgage Company as "plaintiff" and Junction Bit & Tool Co. as "defendant".
The petition alleged that the plaintiff acquired ownership of some shares in the capital stock of the defendant and requested the defendant to register in defendant's records the plaintiff's ownership of such stock, but the defendant refused to do so. The petition also alleged that defendant had been ordered by the Brevard County Circuit Court in another cause, Civil Action No. 46546, to effectuate the stock transfer. The petition concluded with a prayer that the court enter an order requiring the defendant to register the stock transfer and to issue new stock certificates to the plaintiff.
The defendant is a Colorado corporation which has qualified under Florida law to transact business in Florida and pursuant to Florida law had appointed a resident agent for service of process. On 30 March 1970 the petition and summons were served on defendant's resident agent for service of process. The defendant moved to dismiss the petition on various grounds. The trial court granted the motion on the ground that the petition failed to state a cause of action and dismissed the petition with leave to amend. The defendant has appealed from this order contending that service of process was insufficient, and the trial court should for that reason have quashed the service and dismissed the cause without leave to amend.
Under F.S. 1969, Section 48.091, F.S.A., when a foreign corporation qualifies to transact business in this state, it must appoint a resident agent upon whom process may be served. F.S. 1969, Section 48.081(3), F.S.A., provides that process may be served on a foreign corporation by serving such resident agent. The question *881 presented here is whether service of a summons on such an agent under the authority of F.S. 1969, Section 48.081(3), F.S.A., confers on the court in personam jurisdiction over the foreign corporation without a showing that the cause of action against the corporation arose out of its activities in the State of Florida. We answer the question in the affirmative.
The law of this state provides several methods by which initial process may be served on a foreign corporation. A foreign corporation may be served by serving an officer, director, or a resident business agent of the corporation, or, in the absence of the foregoing, any agent transacting business for the corporation in this state. See F.S. 1969, Section 48.081(1) and (2), F.S.A. Service on a foreign corporation by serving an agent transacting the corporation's business in this state was formerly authorized by F.S. 1965, Section 47.17 (5), F.S.A., the pertinent language of which reads:
"Process against any corporation, domestic or foreign, may be served:
* * * * * *
"(5) If a foreign corporation shall have none of the foregoing officers or agents in this state, service may be made upon any agent transacting business for it in this state."
In Illinois Central Railroad Company v. Simari, Fla.1966, 191 So.2d 427, the Florida Supreme Court held that service of process under the quoted section on a foreign corporation which had neither qualified to do business in this state nor appointed a resident agent for service of process would confer on the Florida court in personam jurisdiction over the foreign corporation only where the cause of action arose out of the activities of the corporation in the State of Florida.
Florida law formerly provided a similar method by serving a foreign corporation which had failed to designate a resident agent for service of process. As to such corporations, F.S. 1965, Section 47.171, F.S.A., provided for service on any agent doing business for the corporation in Florida. In the case of Zirin v. Charles Pfizer & Co., Fla. 1961, 128 So.2d 594, the Florida Supreme Court held that for service of process under F.S. 1965, Section 47.171, F.S.A., to confer in personam jurisdiction over a foreign corporation, the cause of action must likewise have arisen from the corporation's activities in Florida.
The appellant relies on the Zirin and Illinois Central decisions as authority for his contention that service of process on a foreign corporation under F.S. 1969, Section 48.081(3), F.S.A., is effectual only where the cause of action arose out of the corporation's activities in the State of Florida.
The Illinois Central and Zirin decisions are clearly distinguishable on two grounds. First, they dealt with statutes authorizing service on any agent doing business for the foreign corporation in the State of Florida. The statutory provisions now in question authorize service on a resident agent specifically appointed for the purpose of receiving process. Secondly, in the Zirin and Illinois Central cases, the Court had before it foreign corporations which had neither qualified to do business in Florida nor appointed a resident agent for service of process. In the present case the defendant corporation has both qualified to transact its business in Florida and appointed a resident agent for service of process.
From our review of the present State of Florida law, we conclude that the limitation that the defendant seeks to impose on service of process under F.S. 1969, Section 48.081(3), F.S.A., that is, that such service is effective as to a foreign corporation only where such corporation's activities in the State of Florida gave rise to the suit, has neither been adopted by the legislature nor imposed by any decision of the Florida Supreme Court. In this circumstance, we will not impose such a *882 limitation on the statute. Compare Woodham v. Northwestern Steel & Wire Co., 5 Cir.1968, 390 F.2d 27 and Hoffman v. Air India, 5 Cir.1968, 393 F.2d 507, cert. den. 393 U.S. 924, 89 S.Ct. 255, 21 L.Ed.2d 260.
The limitation on service of process raised by judicial fiat in the Illinois Central and Zirin decisions are thought to be necessary to bring the statutes there before the court into accord with the due process clause of the Fourteenth Amendment to the United States Constitution. We do not believe that the due process clause requires the imposition of such a limitation on service of process under F.S. 1969, Section 48.081(3), F.S.A., on the resident agent of a foreign corporation. The very nature of the agency makes it reasonable to conclude that service on the agent will adequately notify the corporation of the suit and provide it with an opportunity to defend. Hence, the notice requirement of the due process clause is fully satisfied. H. Bell & Associates, Inc. v. Keasbey & Mattison Company, Fla.App. 1962, 140 So.2d 125. The other requirement imposed by due process  that the foreign corporation have certain minimum contacts with the state  is not questioned here. We believe, however, that such minimum contacts would seem patently established where, as here, the foreign corporation has actually qualified under Florida law to transact business in this state and has appointed a resident agent for service of process as required by F.S. 1969, Section 48.091, F.S.A.
For the foregoing reasons, we conclude that no error has been demonstrated by the appellant and the order appealed from is affirmed.
Affirmed.
CROSS, C.J., and WALDEN, J., concur.