McNULTY, Judge.
We are called upon to decide the sufficiency of process in this action brought by the named beneficiary of a life insurance policy against the insurer.
Agnes C. Regueira filed her complaint in the Circuit Court of Hillsborough County. Pursuant to § 624.0222(1), F.S.A., the sheriff of Leon County served the required three copies of the summons and complaint on the state treasurer, ex officio the insurance commissioner, who, thereafter, failed to comply with the further provisions of said § 624.0222(1) in that instead of promptly forwarding a copy of the summons and complaint, by registered or certified mail, to a named designee of the appellant insur-anee company, he erroneously forwarded such summons and complaint, by certified mail, back to the attorney for the plaintiff. From the record it appears that no one in the commissioner’s office specifically recalls having sent anything to the insurance company’s designee, but the commissioner’s file in the matter reveals a carbon copy of a covering letter of transmittal sent to the designee in which it appears that a copy of the summons and of the complaint were in fact enclosed therewith. There is no showing that that epistle was sent by registered or certified mail, and, indeed, appellant denies ever having received it by or through any of its officers or agents. Default judgment was entered against appellant upon its failure to appear timely and plead, and a subsequent motion to set aside such judgment was filed and denied within the time for taking an appeal. This appeal from the final judgment then ensued.
On the pertinent facts aforesaid, and in denying appellant’s motion to set aside the judgment, the trial court first of all expressly found (apparently under the “shop book” rationale) that a copy of the summons and complaint had in fact been forwarded to appellant’s designee, although not by registered or certified mail. That is to say, the court necessarily must have indulged in the inference, based upon the commissioner’s file copy of the letter of transmittal to such designee and on testimony as to usual office practice[1], that a copy of the summons and complaint had indeed been sent. He thereupon determined that the statute was thereby satisfied and that the process was valid and binding. We are compelled to disagree.
Arguendo, the “shop book” rationale may well be relied upon to establish some form of forwarding of the process herein. But forwarding isn’t the gravamen or aim of a service of process statute — receipt is. This is so because, as we noted in a very similar, though not controlling, *462 case[2], “* * * the essential purpose of process is notice, * * and there can be no notice in the legal sense without receipt of process. Oftentimes, of course, circumstances defy ready delivery and receipt of process, hence the necessity for statutes providing for substituted or constructive service thereof; but by strict compliance with prescribed forwarding procedures in such cases the contemplated receipt is rendered reasonably likely, thus satisfying due process. Indeed, receipt in such cases may often be presumed.[3] It follows, therefore, that notice, as contemplated by service of process, must be equated with, or predicated upon, actual or presumed receipt of such process, not with transmittal thereof. Stated otherwise, the formalities of forwarding are not to accomplish forwarding for itself, but rather are intended to reasonably assure receipt.
Now, we can take judicial knowledge that proof of receipt of process, and therefore notice, can be documented by registered or certified mail. On the other hand, in order to establish such receipt by mere utilization of the “shop book” rationale, i. e., based upon a prior inference of transmittal, there would have to be reliance upon superimposed inferences. The legislature obviously intended to obviate this indulgence by expressly requiring “registered or certified mail” as the method of transmittal so that proof of receipt can be established other than by inference. Additionally, of course, and as noted, such transmittal increases the likelihood of receipt so as to comport with due process. We conclude at the outset, therefore, that the undisputed evidence is legally insufficient to support a finding that a copy of the summons and complaint herein was in fact “forwarded” to appellant in satisfaction of the statutory mandate.
It is alternatively urged by appellee, nevertheless, that even if the commissioner was derelict in the premises he was, at the time, acting as “resident agent” for the appellant, and that therefore appellant should be bound by such dereliction rather than appellee, who fully complied with the statute, be prejudiced. She relies on paragraph (3) of § 624.0221 F.S.A., which provides as follows:
“Service of process upon the commissioner as the insurer’s attorney pursuant to such an appointment shall be the sole method of service of process upon an authorized domestic, foreign or alien insurer in this state.” (Italics supplied.)
She argues that pursuant to this provision service upon the commissioner in accordance with §§ 624.0221 and 624.0222, supra, is the “sole” method of affecting service of process in these cases and therefore must be equated with actual service as distinguished from substituted service. The decisions in Confederation of Canada Life Insurance Company v. Vega Y Arminan[4] are relied upon to support this postulation. We reject it.
However sound the Confederation of Canada Life Ins. Co. v. Vega Y Arminan opinions, they simply don’t apply here. Factually, first of all, that case is materially distinguishable. In that case, unlike our own, there was no question of non-compliance with the statutory requirements for effecting service of process. The question there was efficacy of such process, after full compliance with the statute, so as to render the insurance company amenable to liability within this state for a cause of action accruing without this state.
Secondly, we don’t think the rationale of those opinions supports a conclusion that the insurance commissioner is a designated *463 “resident agent” of an insurance company upon whom “actual service” may be had in the same sense as that contemplated in the cases of other companies or corporations within the purview of §§ 48.081 and 48.091 F.S.A. Not only is service of process on insurance companies expressly excluded from those sections,[5] but indeed, by prescribing a “sole” method of service of process in this latter class of cases the legislature obviously intended to remove any distinction between “actual” and “substituted” service. So, again, no analogy can be made between these cases and those contemplated by §§ 48.081 and 48.091, supra.
Moreover, in these cases, the insurance commissioner is a public official and is as much, if not more, the agent of the public as he is the agent of insurers. The service of process requirements contemplated by §§ 624.0221 and 624.0222, supra, are essentially to expedite the institution and progress of insurance litigation for the protection and convenience of both the public and insurance companies doing business in this state. As to his function in effecting service of process in such litigation, the commissioner is nothing more than an official conduit through whom process is centrally initiated (a benefit to the public) and by whom “notice” to the insurer is assured (a benefit to the insurer). He is no more the agent of one than he is of the other in the performance of his duties in the premises.
In further support of our holding here that both service upon the commissioner and strict compliance with the forwarding procedures prescribed in the statute are essential, we observe that, pursuant to paragraph (2) of § 624.0222, supra, the time within which an insurance company is required to respond to a summons and complaint is computed not from the date of initial service thereof upon the commissioner but rather from the date of his subsequent compliance with the statutory duties imposed on him, i. e., the “forwarding” of the summons and complaints to the insurer’s designee by registered or certified mail.
Finally, we allude to the provision of paragraph (3) of § 624.0222, supra, which provides that:
“Process served upon the commissioner and copy thereof forwarded as in this section provided shall for all purposes constitute valid and binding service thereof upon the insurer.” (Italics supplied.)
Clearly, by the mandate of this subsection only service upon the commissioner and transmittal thereof by him forwarded as prescribed constitutes “valid and binding service.” Anything less is fatal.
We conclude, therefore, that no valid or binding service of process was effected in this case, and that the judgment was void and should have been set aside. Accordingly, the judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed.
LILES, Acting C. J., and MANN, J., concur.

. See, also, §§. 92.12 and 92.36, F.S.1969, F.S.A., as to admissibility of official records.

. American Liberty Insurance Company v. Maddox (Fla.App.1970), 238 So.2d 154, 156.

. See, e. g„ Lear v. Lear (Fla.1957), 95 So.2d 519; Clark v. Clark (1947), 158 Fla. 731, 30 So.2d 170; and State ex rel. Merritt v. Heffernan (Fla.1940), 142 Fla. 496, 195 So. 145.

.(Fla.App.1962), 135 So.2d 867, affirmed on cert., with opinion (FIa.1962), 144 So. 2d 805.

. See §§,48.081(4) and 48.091(6), F.S.A.