**Charles WHITE and Rosana Santini, Plaintiffs–Appellants,**

v.

**PEPSICO, INC., a Delaware Corporation, Defendant–Appellee,**

**Aluminum Company of America, etc., et al., Defendants.**

**No. 88–5135.**

United States Court of Appeals, Eleventh Circuit.

Feb. 27, 1989.

\* Honorable Howard T. Markey, Chief U.S. Circuit Judge for the Federal Circuit, sitting by designa-

Christian B. Felden, Naples, Fla., Ronald S. Lederman, Sullivan, Ward, Bone, Tyler, Fiott & Asher, Southfield, Mich., for plaintiffs-appellants.

David I. Weiss, Herzfeld & Rubin, Myron Shapiro, Miami, Fla., for defendant-appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and MARKEY \*, Chief Circuit Judge.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA PURSUANT TO ARTICLE 5, SECTION 3(b)(6) OF THE FLORIDA CONSTITUTION

TO THE SUPREME COURT OF FLORIDA AND ITS HONORABLE JUSTICES:

It appears to the United States Court of Appeals for the Eleventh Circuit that this

tion.

case involves a question of Florida law which is determinative of the cause, but unanswered by controlling precedent of the Supreme Court of Florida. We, therefore, certify the question for resolution by the highest court of Florida.

This case comes to the United States Court of Appeals for the Eleventh Circuit on appeal from the United States District Court for the Southern District of Florida. The following facts are not disputed.

On May 5, 1983, Charles White bought a bottle of Pepsi in Montego Bay, Jamaica. When White opened the bottle, it exploded. The bottle cap hit White in his right eye, causing permanent blindness. In April, 1987, White sued Pepsico, Aluminum Company of America ("Alcoa"), and Desnos & Geddes, Ltd., in Florida state court. White served Pepsico through CT Corporation ("CT"), Pepsico's registered agent for service of process in Florida. In May, 1987, Alcoa removed the action to federal court.

In July, 1987, Pepsico filed a motion to dismiss for lack of personal jurisdiction. Pepsico contended that the court lacked jurisdiction because no connection existed between the cause of action and Pepsico's activities in Florida. Pepsico admitted that 1984 amendments to Florida's civil practice and procedure laws eliminated the "connexity" requirement. Pepsico maintained, however, that the amendments did not apply to actions that accrued before 1984. *See American Motors Corp. v. Abrahantes,* 474 So.2d 271, 273–74 (Fla. 3d D.C.A.1985).

White contended that connexity was not required for the court to obtain jurisdiction over Pepsico. White argued that the court properly obtained jurisdiction under Fla. Stat.Ann. §§ 48.081(3) and 48.091(1) (West Supp.1988) when White served CT. Connexity, White argued, *never* applied to sections 48.081(3) and 48.091(1). *See Ranger Nationwide, Inc. v. Cook,* 519 So.2d 1087, 1088 (Fla. 3d D.C.A.), *review denied,* 531 So.2d 167 (Fla.1988); *Dombroff v. Eagle–Picher Industries, Inc.,* 450 So.2d 923, 924 (Fla. 3d D.C.A.), *review denied,* 458 So.2d 272 (Fla.1984); *Cassidy v. Ice Queen International, Inc.,* 390 So.2d 465, 466 (Fla. 3d

D.C.A.1980); *Junction Bit & Tool Co. v. Institutional Mortgage Co.,* 240 So.2d 879, 880–81 (Fla. 4th D.C.A.1970).

On January 11, 1988, the district court entered final judgment in favor of Pepsico, pursuant to Fed.R.Civ.P. 54(b). White appealed from this judgment.

We believe the issue of Florida law raised by White in this appeal is appropriate for resolution by the highest court of Florida. We, therefore, certify the following question:

WHETHER, IN ACTIONS THAT ACCRUED BEFORE 1984, SERVICE ON A REGISTERED AGENT PURSUANT TO FLA.STAT.ANN. §§ 48.081(3) AND 48.091(1) CONFERRED UPON A COURT PERSONAL JURISDICTION OVER A FOREIGN CORPORATION WITHOUT A SHOWING THAT A CONNECTION EXISTED BETWEEN THE CAUSE OF ACTION AND THE CORPORATION'S ACTIVITIES IN FLORIDA.

We do not intend the particular phrasing of this question to limit the Supreme Court of Florida in its consideration of the problems posed by the entire case. In order to assist consideration of the case, the entire record, along with the briefs of the parties, shall be transmitted to the Supreme Court of Florida.