568 So.2d 886 (1990)
Charles WHITE and Rosanna Santini, Plaintiffs-Appellants,
v.
PEPSICO, INC., etc., Defendants-Appellees.
No. 73784.
Supreme Court of Florida.
September 6, 1990.
Rehearing Denied November 13, 1990.
*887 Christian B. Felden, Naples, and Ronald S. Lederman of Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C., Southfield, Mich., for plaintiffs-appellants.
Myron Shapiro and David I. Weiss of Herzfeld and Rubin, Miami, for defendants-appellees.
BARKETT, Justice.
We have for review White v. Pepsico, Inc., 866 F.2d 1325 (11th Cir.1989), which certified the following question of Florida law:
Whether, in actions that accrued before 1984, service on a registered agent pursuant to Fla. Stat. Ann. §§ 48.081(3) and 48.091(1) [1983] conferred upon a court personal jurisdiction over a foreign corporation without a showing that a connection existed between the cause of action and the corporation's activities in Florida.
Id. at 1326.[1] We answer the certified question in the affirmative.
The facts alleged are as follows. On May 5, 1983, while in Montego Bay, Jamaica, Charles White bought a bottle of Pepsi. It exploded when he opened it, hitting him in the right eye and causing permanent injury. In April 1987, White sued Pepsico and several other defendants in Florida circuit court, alleging negligence, breach of warranty, and loss of consortium. The complaint was served on Pepsico through Pepsico's registered agent in Florida. Pepsico had appointed this agent, as required by Florida law, when it registered to do business in the state. § 48.091, Fla. Stat. (1983). In May 1987, the action was removed to federal court based on diversity of citizenship. White alleged in the first amended complaint negligence, breach of warranty, strict liability, and loss of consortium. In July 1987, Pepsico moved to dismiss for lack of personal jurisdiction. On January 11, 1988, the federal district court ruled in favor of Pepsico and entered final judgment. White appealed to the Eleventh Circuit, which certified the question presented here.
The issue before this Court involves the interpretation of section 48.081 of the Florida Statutes (1983), which stated:
(1) Process against any private corporation, domestic or foreign, may be served:
(a) On the president or vice president, or other head of the corporation;
(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
(2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.
(3) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation [when registering to do business in Florida] under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted *888 on any employee at the corporation's place of business.
(4) This section does not apply to service of process on insurance companies.
(5) When a corporation has a business office within the state and is actually engaged in the transaction of business therefrom, service upon any officer or business agent, resident in the state, may personally be made, pursuant to this section, and it is not necessary in such case that the action, suit, or proceeding against the corporation shall have arisen out of any transaction or operation connected with or incidental to the business being transacted within the state.
"The general rule is that an action for tort is transitory in nature and can therefore be instituted in any court which has jurisdiction in personam of the defendant, regardless of the place where the cause of action arose, and even where both parties reside in a state other than that wherein the cause of action arose." 20 Am.Jur.2d Courts § 123 (1965) (footnotes omitted). Cf. Hagen v. Viney, 124 Fla. 747, 169 So. 391 (1936) (action for specific performance of separation agreement); Wilson Cypress Co. v. Logan, 115 Fla. 845, 156 So. 286 (1934) (trover and conversion); Hodges v. Hunter Co., 61 Fla. 280, 54 So. 811 (1911) (trover and conversion); Confederation of Canada Life Ins. Co. v. Vega Y Arminan, 135 So.2d 867 (Fla. 3d DCA 1961) (suit for cash proceeds on insurance policy), cert. denied, 144 So.2d 805 (Fla. 1962). Even in transitory actions, however, jurisdiction over the defendant must be acquired in accord with constitutional and statutory requisites.
The exercise of personal jurisdiction over a foreign corporation must take into account "general fairness to the corporation" to satisfy due process of law.[2]Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445, 72 S.Ct. 413, 418, 96 L.Ed. 485 (1952). Due process recognizes that while the privilege to do business in a forum carries with it the benefits and protections of law of the forum state, it also carries with it certain obligations, such as the obligation to respond to suits brought against it in that forum. A corporation may be compelled to answer suits through a state court's exercise of personal jurisdiction, provided that the corporation has sufficient contacts with the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "The amount and kind of activities which must be carried on by the foreign corporation in the state of the forum so as to make it reasonable and just to subject the corporation to the jurisdiction of that state are to be determined in each case." Perkins, 342 U.S. at 445, 72 S.Ct. at 418. General personal jurisdiction may be exercised even if the cause of action does not arise out of the defendant corporation's activities in the forum state.[3] Whether a state wants to require a connection between the cause of action and the foreign corporation's activities in the forum is a matter of state law. Id. 466 U.S. at 420, 104 S.Ct. at 1875.
There is no issue here as to whether due process allows Florida courts to exercise personal jurisdiction over Pepsico even though the alleged wrongdoing of Pepsico did not arise out of Pepsico's business contacts in Florida. The only question before this Court is whether White executed service of process on Pepsico pursuant to the requirements of the Florida Statutes. White argues that section 48.081(3) did not *889 require connexity,[4] so his service on Pepsico's registered agent was sufficient to give Pepsico adequate notice to defend the action. Pepsico contends that the statute required connexity, thereby rendering invalid the service on its registered agent.
Statutes are construed to effectuate the intent of the legislature in light of public policy. E.g., State v. Webb, 398 So.2d 820, 824 (Fla. 1981); Schultz v. State, 361 So.2d 416, 419 (Fla. 1978). If a statute is ambiguous or unclear, it falls to the courts to interpret its meaning. First, however, we must look to the plain and ordinary meaning of the language in the section at issue. E.g., St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla. 1982). The language in section 48.081(3) simply says that service on a foreign corporation may be made upon the corporation's registered agent. The plain language makes clear that there is no connexity requirement in section 48.081(3). Nonetheless, Pepsico urges us to look beyond the language of that provision by examining the statute as a whole for other indicia of legislative intent and public policy. See Webb, 398 So.2d at 824.
Specifically, Pepsico calls our attention to section 48.081(5), which expressly rejected a connexity requirement when serving a corporation that has a business office in Florida actually engaged in the transaction of business therefrom. Pepsico argues that because the legislature expressly excluded the connexity requirement in section 48.081(5), it must have intended to include the requirement in section 48.081(3). That argument is not persuasive. Subsection (5) addressed corporations actually conducting business in Florida from their Florida offices. On the other hand, subsection (3) addressed corporations that may not have been conducting business from a specific business office in Florida, but that had been licensed to do business in Florida and had designated an agent for the express purpose of accepting service of process on behalf of the corporation.
While each section addressed different factual situations, they both solved the same problem: they gave the legislature sufficient assurance that the corporation did substantial business in Florida and had somebody present to accept service of process here, consistent with due process of law. By formally qualifying to do business in Florida and registering an agent pursuant to section 48.091(1) and chapter 607 of the Florida Statutes (1983), a foreign corporation submitted itself to the jurisdiction of Florida courts because it acknowledged that it did sufficient business in Florida to make it amenable to suit and service of process here. A foreign corporation that did not formally qualify to do business and did not register an agent here made no such acknowledgment. But if it established a business office in Florida with a resident business agent actively conducting business in the state, it developed a distinctive connection with the state that served the same purpose as qualifying to do business and naming a registered agent.
Pepsico alternatively argues that subsequent history of the service of process statutes proves that connexity had been required because the legislature expressly abolished the connexity requirement by amendment in chapter 84-2, Laws of Florida. We disagree. The 1984 amendments did not even purport to alter section 48.081(3), the statute under which Pepsico was served. Instead, the connexity amendment in 1984 applied to section 48.193, a long-arm statute that conferred personal jurisdiction for single acts enumerated by that statute. Furthermore, legislative history of the 1984 amendments supports our analysis. In reviewing the state of the law that existed prior to the 1984 amendments, a Senate committee staff analysis report said:
It appears that Florida has gone beyond the minimum contacts standard with regard *890 to foreign corporations and other nonresidents conducting business in Florida by providing for personal jurisdiction only where the cause of action arises from the nonresident's business activities in Florida. This connexity requirement is not imposed where the foreign corporation has registered under the Corporation Code and has designated a registered agent for receipt of service of process.

Staff of Fla.S.Comm. on Judiciary-Civ., SB 352 (1983) Staff Analysis 2 (April 27, 1983) (on file with Florida State Archives, series 18, carton 1471) (emphasis supplied).[5] It is worth noting that chapter 84-2, Laws of Florida, amended section 48.081 without affecting subsection (3). Had the legislature intended to modify connexity under section 48.081(3), it is logical to presume that it would have done so at that time.
Likewise, we are not persuaded by Pepsico's argument that our prior decisions in Illinois Central R.R. Co. v. Simari, 191 So.2d 427 (Fla. 1966), and Zirin v. Charles Pfizer & Co., 128 So.2d 594 (Fla. 1961), support its position. In both cases, the foreign corporations were not licensed to do business in Florida, and had not designated anyone to serve as agent for service of process. Service was executed pursuant to statutes that provided for service on any agent doing business for the respective corporations in the state  not a registered agent for service of process. See Junction Bit & Tool Co. v. Institutional Mortgage Co., 240 So.2d 879, 881 (Fla. 4th DCA 1970); see also Rose's Stores, Inc. v. Cherry, 526 So.2d 749 (Fla. 5th DCA), review denied, 534 So.2d 401 (Fla. 1988).
Pepsico's reliance on American Motors Corp. v. Abrahantes, 474 So.2d 271 (Fla. 3d DCA 1985), also is misplaced. On somewhat similar facts, the Third District found that no jurisdiction existed in a pre-1984 accident case. The court in Abrahantes analyzed jurisdiction and service of process that had been predicated on statutes amended by chapter 84-2  sections 48.181 and 48.193, Florida Statutes (Supp. 1984)  not the ones at issue in the instant case. Furthermore, service in Abrahantes was not upon a registered agent and was not based upon registration to do business in Florida. Thus, we find Abrahantes inapplicable.
On the other hand, in applying analogous insurance law, this Court said that connexity was not required to acquire personal jurisdiction over a foreign insurance corporation that qualified to do business in Florida and expressly appointed the Commissioner of Insurance as its agent to receive service of process. Confederation of Canada Life Ins. Co. v. Vega Y Arminan, 135 So.2d 867 (Fla. 3d DCA 1961), cert. denied, 144 So.2d 805 (Fla. 1962).
We agree with the Fourth District in Junction Bit that the connexity requirement sought by Pepsico upon service of process on a registered agent was not adopted by the legislature. As that court noted:
The very nature of the agency makes it reasonable to conclude that service on the agent will adequately notify the corporation of the suit and provide it with an opportunity to defend. Hence, the notice requirement of the due process clause is fully satisfied.
Junction Bit, 240 So.2d at 882. See also Rose's Stores, Inc.; Dombroff v. Eagle-Picher Indus., Inc., 450 So.2d 923 (Fla. 3d DCA), review denied, 458 So.2d 272 (Fla. 1984).
For the foregoing reasons, we answer the certified question in the affirmative and transmit this opinion to the Eleventh Circuit.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES and KOGAN, JJ., concur.
EHRLICH, J., concurs in result only.
NOTES
[1] We have jurisdiction under article V, section 3(b)(6) of the Florida Constitution.
[2] We speak of due process here without distinguishing between due process rights under the fourteenth amendment of the United States Constitution, and due process rights guaranteed by article I, section 9 of the Florida Constitution.
[3] "When a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the State has been said to be exercising `general jurisdiction' over the defendant." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404 (1984). General jurisdiction is to be distinguished from "specific jurisdiction," which occurs "when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." Id. at 414 n. 8, 104 S.Ct. at 1872 n. 8.
[4] "Connexity" is the term courts have adopted to mean a link between a cause of action and the activities of a defendant in the forum state. See, e.g., Utility Trailer Mfg. Co. v. Cornett, 526 So.2d 1064, 1066 (Fla. 1st DCA), review denied, 534 So.2d 398 (Fla. 1988); City Contract Bus Serv., Inc. v. Woody, 515 So.2d 1354, 1356 (Fla. 1st DCA 1987); American Motors Corp. v. Abrahantes, 474 So.2d 271, 273 (Fla. 3d DCA 1985); Eagle-Picher Indus., Inc. v. Proverb, 464 So.2d 658, 658 (Fla. 4th DCA 1985).
[5] Senate Bill 352 (1983) was identical to Senate Bill 28 (1984), which was enacted into law as chapter 84-2, Laws of Florida. The 1983 staff analysis is part of the accumulated legislative history of the 1984 amendments. See Staff of Fla.S.Comm. on Judiciary-Civ., SB 28 (1984) Staff Analysis 3 (December 6, 1983) (on file with Florida State Archives, series 19, carton 1240).