JOANOS, Chief Judge.
Centex-Rodgers Construction Company appeals a non-final order denying its motion to dismiss or transfer venue of the action from Duval County Circuit Court to Broward County Circuit Court. The issue for our review is whether service on a foreign corporation and its surety is perfected through service on the Insurance Commissioner’s office, as agent of the surety. We affirm.
Centex-Rodgers was the general contractor, and Hensel Phelps was the subcontractor, on a construction project for the Duval County School Board. Both companies are foreign corporations, authorized to *1118 do business in Florida, and both companies have designated C.T. Corporation Systems, Inc., of Broward County as their registered agent, pursuant to sections 48.081(3) and 48.091, Florida Statutes. On December 3, 1990, the subcontractor, Hensel Phelps, filed a breach of contract action and breach of payment bond and performance bond, against Centex-Rodgers and its sureties in Duval County Circuit Court. On December 4, 1990, Hensel Phelps served the Florida Insurance Commissioner’s office, pursuant to section 48.151(3), Florida Statutes, and service of process was accepted that same date pursuant to sections 624.422 and 624.-423, Florida Statutes. Centex-Rodgers’ sureties were served by the Insurance Commissioner on December 14, 1990, and on January 2, 1991. On December 7, 1990, Centex-Rodgers filed a breach of contract action against Hensel Phelps in Broward County Circuit Court, and served Hensel Phelps’ resident agent that same date. Centex-Rodgers and its sureties then filed a motion to dismiss and/or transfer the Hensel Phelps action from Duval County to Broward County. The trial court denied the motion to dismiss or transfer, and Cen-tex-Rodgers appeals that ruling.
When two actions between the same parties are pending in different judicial circuits, jurisdiction lies in the circuit where service of process is first perfected. Mabie v. Garden Street Management Corp., 397 So.2d 920 (Fla.1981); Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842 (1943); Hogan v. Millican, 209 So.2d 716 (Fla. 1st DCA 1968); Beckmann v. Burdette-Beckmann, Inc., 564 So.2d 649 (Fla. 4th DCA 1990). In a related vein, sureties are real parties in interest in cases involving public construction bond issues, and thus may be named as defendants in a breach of contract action brought by a subcontractor against a general contractor. OBS, Inc. v. Pace Construction Corp., 558 So.2d 404, 408 (Fla.1990).
The service of process sections applicable to the instant jurisdictional question are sections 624.422 and 624.423, Florida Statutes (1989). These sections state:
624.422 Service of process; appointment of Insurance Commissioner and Treasurer as process agent.
(1) Each licensed insurer, whether domestic, foreign, or alien, shall be deemed to have appointed the Insurance Commissioner and Treasurer and his successors in office as its attorney to receive service of all legal process issued against it in any civil action or proceeding in this state; and process so served shall be valid and binding upon the insurer.
(2) Prior to its authorization to transact insurance in this state, each insurer shall file with the department designation of the name and address of the person-to whom process against it served upon the Insurance Commissioner and Treasurer is to be forwarded. The insurer may change the designation at any time by a new filing.
(3) Service of process upon the Insurance Commissioner and Treasurer as the insurer’s attorney pursuant to such an appointment shall be the sole method of service of process upon an authorized domestic, foreign, or alien insurer in this state.
624.423 Serving process.—
(1) Service of process upon the Insurance Commissioner and Treasurer as process agent of the insurer (under s. 624.422) shall be made by serving copies in triplicate of the process upon the Insurance Commissioner and Treasurer or upon his assistant, deputy, or other person in charge of his office. Upon receiving such service, the Insurance Commissioner and Treasurer shall file one copy in his office, return one copy with his admission of service, and promptly forward one copy of the process by registered or certified mail to the person last designated by the insurer to receive the same, as provided under s. 624.422(2).
(2) Where process is served upon the Insurance Commissioner and Treasurer as an insurer’s process agent, the insurer shall not be required to answer or plead except within 20 days after the date upon which the Insurance Commissioner and Treasurer mailed a copy of the process *1119 served upon him as required by subsection (1).
(3) Process served upon the Insurance Commissioner and Treasurer and copy thereof forwarded as in this section provided shall for all purposes constitute valid and binding service thereof upon the insurer.
The dispute in this case is whether service of process upon the Insurance Commissioner as agent of the surety constitutes perfected service, or whether such service is complete only upon transmission by the Insurance Commissioner and receipt by the surety. The general rule in this context is that service of process upon the Insurance Commissioner constitutes actual service of process. For example, in White v. Pepsico, Inc., 568 So.2d 886 (Fla.1990), in a determination of the efficacy of service of process in a tort action against a foreign corporation, the court analogized to insurance law, concluding that “[t]he very nature of the agency makes it reasonable to conclude that service on the agent will adequately notify the corporation of the suit and provide it with an opportunity to defend.” See also Washington v. Fireman’s Fund Insurance Company, 422 So.2d 366 (Fla. 4th DCA 1982); Junction Bit & Tool Co. v. Institutional Mortgage Co., 240 So.2d 879, 882 (Fla. 4th DCA 1970); Confederation of Canada Life Insurance Co. v. Arminian, 135 So.2d 867 (Fla. 3d DCA 1961), cert. denied, 144 So.2d 805 (Fla.1962).
Centex-Rodgers urges that Home Life Insurance Co. v. Regueira, 243 So.2d 460 (Fla. 2d DCA 1970), cert. dism., 248 So.2d 170 (Fla.1971), requires a contra result. In Regueira, the plaintiff filed her complaint upon the Insurance Commissioner’s office, but that office apparently failed to forward a copy of the summons and complaint by registered or certified mail to the insurer’s named designee, thereby resulting in entry of a default against the insurer for failing to appear timely and plead. The insurer’s motion to set aside the default was denied. Against this background, the court reversed, concluding that receipt is the aim of a service of process statute, because the essential purpose of process is notice. 243 So.2d at 462.
We conclude that the Regueira decision is inapplicable in the circumstances of this case. Here, proper notice and an opportunity to defend is not at issue. Rather, the sole question is whether service of process upon the Insurance Commissioner constitutes valid and binding service upon the insurer, for jurisdictional purposes. The plain meaning of the language of sections 624.422 and 624.423 indicates that service of process is complete when the Insurance Commissioner, in his role as process agent for the insurer, is served. Under this construction of the statutory language, service of process was perfected first in Duval County Circuit Court. Hensel Phelps filed suit in Duval County on December 3, 1990, and service of process was served on Cen-tex-Rodgers’ sureties on December 4,1990, through service on the Insurance Commissioner. Thus, the suit and service of process filed by Centex-Rodgers on December 7, 1990, in Broward County, occurred after service was completed by Hensel Phelps in Duval County.
Accordingly, the order denying Centex-Rodgers’ motion to dismiss or transfer is affirmed.
ERVIN, J., and WENTWORTH, Senior Judge, concur.