27 So.3d 116 (2009)
The VALUE ADJUSTMENT BOARD OF BAY COUNTY, Appellant,
v.
Zane SPITZER, as Property Appraiser of Bay County, Florida, and Florida Department of Revenue, an agency of the State of Florida, Appellees.
No. 1D09-1449.
District Court of Appeal of Florida, First District.
December 31, 2009.
Rehearing Denied February 5, 2010.
Benjamin K. Phipps, Phipps & Howell, Tallahassee; and Terrell K. Arline and Donald J. Banks, Office of the County Attorney, Board of Bay County Commissioners, Panama City, for Appellant.
Larry E. Levy, The Levy Law Firm, Tallahassee, for Appellees.
*117 BARFIELD, J.
The Value Adjustment Board of Bay County, Florida (VAB) appeals the decision of the circuit court that the VAB did not have statutory authority to conduct evidentiary hearings for property owners who were dissatisfied with the recommendations of the special magistrates, which recommendations were received and approved by the VAB. The judgment of the circuit court is affirmed.
The Bay County VAB, pursuant to statute, appointed special magistrates to take testimony and make recommendations to the VAB as to petitions filed by taxpayers challenging the property appraiser's assessments. After the special magistrates had completed hearing testimony and evidence and had prepared their findings of facts and conclusions of law, these were submitted to the VAB. The VAB met and approved the recommendations on March 13, 2008. The VAB notified all petitioners that it had approved the special magistrates' recommendations, but advised them that the VAB would hold hearings on April 24, 2008, for all those wishing to appeal the decision. At the hearings held on April 24, 2008, the VAB permitted the petitioners to testify and present evidence. The VAB subsequently granted many of the petitioners' requests.
The property appraiser then filed an assertion with the Department of Revenue (Department) of a consistent and continuous violation of law by the VAB. See § 194.036(1)(c) (providing that the property appraiser may appeal the decision of the VAB if the property appraiser asserts to the Department of Revenue that there exists a consistent and continuous violation of the intent of the law or administrative rule by the VAB and the Department agrees). The Department agreed and issued its findings. Subsequently, the property appraiser filed a complaint with the circuit court. The property appraiser alleged that "[h]aving met and reviewed the recommendations of the special magistrates and affirmed and approved same, the VAB had no statutory authority to conduct further hearings on the petitions." The trial court granted the property appraiser's motion for summary judgment, ruling that "it is clear the actions of the VAB were not authorized by statute."
Property owners who are dissatisfied with the appraised value of their properties may petition the VAB to adjust those assessments. Section 194.035(1), Florida Statutes (2007), provides in part:
In counties having a population of more than 75,000, the board shall appoint special magistrates for the purpose of taking testimony and making recommendations to the board, which recommendations the board may act upon without further hearing.
The clear meaning of this statute is that the legislature has relieved the VAB, in counties having more than 75,000 people, of the task of conducting evidentiary hearings and has assigned that task to special magistrates who have specialized real estate appraisal experience as specified further in the statute. § 194.035(1), Fla. Stat. (2007). The appellant argues that this statute provides a loose and informal procedure which the VAB may supplement with additional evidentiary hearings, effectively negating the legislative directive. If the VAB may accept recommendations without further hearing, then ignore those recommendations, the statute has no meaning. Because the VAB was not authorized to conduct evidentiary hearings after the special magistrates had already done so and made recommendations (which the VAB accepted), the trial court correctly ruled that the VAB was not authorized to conduct further hearings.
*118 We do not address whether the VAB may reject recommended findings of fact as not being supported by competent substantial evidence. That issue is not before us.
AFFIRMED.
ROWE, J., concurs in result only; CLARK, J., dissents with a written opinion.
CLARK, J., dissenting.
Because the statute is clear and unambiguous, and specifically allows the Value Adjustment Board ("Board") discretion to conduct further hearings without limitation after the special magistrates have made recommendations, I respectfully dissent.
Rules of statutory construction require that we give plain meaning to the words in a statute. A fundamental principle of statutory interpretation is that legislative intent is the "polestar" that guides a court's interpretation. Borden v. East-European Ins. Co., 921 So.2d 587 (Fla.2006). The intent of the legislature is determined by looking to the actual language of the statute. Id., (citing White v. Pepsico, Inc., 568 So.2d 886, 889 (Fla.1990)). The primary and preferred method of construction is the plain meaning of the language at issue.
Section 194.035, Florida Statutes, requires counties with populations over 75,000 to appoint special magistrates for the purpose of taking testimony and making recommendations to the board. The section also provides that valuation boards "may" act upon those recommendations without further hearings. By authorizing the boards to act upon the recommendations without further hearings, the legislature is granting the boards discretion whether to conduct further hearings. The statute gives the board a choice: it may act upon the recommendations either with further hearing or without further hearing.
There are no words in the statute that limit or preclude the board from considering further evidence or conducting further hearings after the magistrates have taken testimony. There is nothing in the statute that binds the board to the magistrates' recommendations. That section simply requires the special magistrate to preserve the testimony and "in making recommendations to the value adjustment board, shall include proposed findings of fact, conclusions of law and reasons for upholding or overturning the determination of the property appraiser."
Had the legislature intended to prohibit the board from taking further testimony or argument, it would have included language to that effect. It did not. Cf., § 120.57(1)(l), Fla. Stat. The court should not assume that the legislature meant to include a limitation on or preclusion of additional hearings when the legislature did not expressly so state. "Even where a court is convinced that the legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity." St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071(Fla.1982). See also, Peter D. Webster, Sylvia H. Walbolt & Christine R. Davis, Statutory Construction in Florida: In Search of a Principled Approach, 9 Fla. Coastal L.Rev. 435, 437 (2008).
The final decision on the valuation of property is the board's. To give the final decision-making authority to the special magistrates takes the final authority away from the board without a statutory directive.
For these reasons, I would reverse.