CLARK, J.,
dissenting.
Because the statute is clear and unambiguous, and specifically allows the Value Adjustment Board (“Board”) discretion to conduct further hearings without limitation after the special magistrates have made recommendations, I respectfully dissent.
Rules of statutory construction require that we give plain meaning to the words in a statute. A fundamental principle of statutory interpretation is that legislative intent is the “polestar” that guides a court’s interpretation. Borden v. East-European Ins. Co., 921 So.2d 587 (Fla.2006). The intent of the legislature is determined by looking to the actual language of the statute. Id., (citing White v. Pepsico, Inc., 568 So.2d 886, 889 (Fla.1990)). The primary and preferred method of construction is the plain meaning of the language at issue.
Section 194.035, Florida Statutes, requires counties with populations over 75,-000 to appoint special magistrates for the purpose of taking testimony and making recommendations to the board. The section also provides that valuation boards “may” act upon those recommendations without further hearings. By authorizing the boards to act upon the recommendations without further hearings, the legislature is granting the boards discretion whether to conduct further hearings. The statute gives the board a choice: it may act upon the recommendations either with further hearing or without further hearing.
There are no words in the statute that limit or preclude the board from considering further evidence or conducting further hearings after the magistrates have taken testimony. There is nothing in the statute that binds the board to the magistrates’ recommendations. That section simply requires the special magistrate to preserve the testimony and “in making recommendations to the value adjustment board, shall include proposed findings of fact, conclusions of law and reasons for upholding or overturning the determination of the property appraiser.”
Had the legislature intended to prohibit the board from taking further testimony or argument, it would have included language to that effect. It did not. Cf, § 120.57(1)«), Fla. Stat. The court should not assume that the legislature meant to include a limitation on or preclusion of additional hearings when the legislature did not expressly so state. “Even where a court is convinced that the legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity.” St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071(Fla.1982). See also, Peter D. Webster, Sylvia H. Walbolt & Christine R. Davis, Statutory Construction in Florida: In Search of a Principled Approach, 9 Fla. Coastal L.Rev. 435, 437 (2008).
The final decision on the valuation of property is the board’s. To give the final decision-making authority to the special magistrates takes the final authority away from the board without a statutory directive.
For these reasons, I would reverse.