# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-1623
_____

DIANYA MARKOVITS,

    Appellant,

    v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Monica J. Brasington, Judge.

January 3, 2018

BILBREY, J.

Appellant, Dianya Markovits, was injured in an automobile crash and brought suit against Appellee, State Farm Mutual Automobile Insurance Company, for uninsured motorist benefits under her insurance policy. She served a proposal for settlement on State Farm which was not accepted.[1] After trial, Markovits

---

[1] Rule 1.442, Florida Rules of Civil Procedure, uses the term proposal for settlement while section 768.79, Florida Statutes (2014), uses the term offer of judgment when made by a defendant or demand for judgment when made by a plaintiff. For the sake of simplicity and consistency the demand for judgment from Markovits is referred to as the proposal for settlement or

obtained a final judgment in her favor which was more than 25 percent greater than the amount demanded in the proposal for settlement, and she then moved for attorneys' and paralegals' fees based on the rejected proposal.[2]  *See* § 768.79(1), Fla. Stat. (2014).  State Farm disputed her entitlement to fees contending that the proposal was served prematurely.  *See* Fla. R. Civ. P. 1.442(b).  The trial court agreed with State Farm and held that Markovits was not entitled to an award of fees.  Based on our case law which establishes that service on an insurer is perfected when the Chief Financial Officer of the State of Florida (CFO) is served as an insurer's "attorney to receive service of all legal process issued against it in any civil action or proceeding in this state," we hold that the proposal was not premature, and that Markovits is entitled to reasonable attorneys' and paralegals' fees.  § 624.422(1), Fla. Stat. (2014).  We therefore reverse and remand for a hearing to determine the amount of fees to be awarded to Markovits.

As required by law, the complaint was served on the CFO. *See* §§ 48.151, 624.422, 624.423, Fla. Stat. (2014).  The CFO was served on February 4, 2014, and his office forwarded the complaint to State Farm on February 7, 2014.  *See* § 624.423(1), Fla. Stat.  On May 6, 2014, Markovits served the proposal for settlement on State Farm.  Rule 1.442(b), Florida Rules of Civil Procedure, states in part that a "proposal to a defendant shall be served no earlier than 90 days after service of process on that defendant."  State Farm was served with the proposal 91 days after service of the complaint on the CFO but 88 days after the complaint was forwarded by the CFO to State Farm.  Markovits argues that service was perfected when the CFO was served, and therefore the proposal complied with rule 1.442(b).[3]  State Farm

proposal.

[2] Following trial, in a separate motion Markovits moved for and was awarded costs as a prevailing party.  *See* § 57.041, Fla. Stat (2014).  Therefore, although section 768.79 would also provide for an award of costs, the motion at issue here sought only fees.

[3] Markovits also argues that we should apply *Kuhajda v.*

2

argues that service was not perfected until the CFO forwarded the complaint to State Farm, and therefore the proposal was premature and invalid. Both parties cite certain statutory language in support of their positions.

Markovits points to section 624.422, which states,

(1) Each licensed insurer, whether domestic, foreign, or alien, shall be deemed to have appointed the Chief Financial Officer and her or his successors in office as its attorney to receive service of all legal process issued against it in any civil action or proceeding in this state; and **process so served shall be valid and binding upon the insurer**.

(Emphasis added).

While State Farm points to section 624.423, which states,

(3) **Process served** upon the Chief Financial Officer **and copy thereof forwarded** as in this section provided shall for all purposes **constitute valid and binding service** thereof upon the insurer.

(Emphasis added).

In *Centex-Rodgers Construction Company v. Hensel Phelps Construction Company*, 591 So. 2d 1117, 1117 (Fla. 1st DCA 1992), we discussed "whether service on a foreign corporation and its surety is perfected through service on the Insurance Commissioner's office, as agent of the surety." At the time, the Insurance Commissioner was the statutory agent under sections 48.151, 624.422, and 624.423, but the statutes were otherwise almost identical to the 2014 versions. Although *Centex-Rodgers*

---

*Borden Dairy Company of Alabama, LLC*, 202 So. 3d 391 (Fla. 2016), so as not to give a strict reading to rule 1.442 and thereby defeat the substantive right to fees created by section 768.79. Based on our holding that service on State Farm was perfected when the CFO was served, we do not reach that issue.

involved the question of which circuit court had jurisdiction when competing lawsuits were brought in different circuits, our holding there was broader. We stated:

> The dispute in this case is whether service of process upon the Insurance Commissioner as agent of the surety constitutes perfected service, or whether such service is complete only upon transmission by the Insurance Commissioner and receipt by the surety. The general rule in this context is that service of process upon the Insurance Commissioner constitutes actual service of process.

*Id.* at 1119.

In *Centex-Rodgers* we discussed and distinguished *Home Life Insurance Company v. Regueria*, 243 So. 2d 460 (Fla. 2d DCA 1970). *Regueria* involved the Insurance Commissioner's failure, after receiving the summons and complaint, to forward them to the insurer as required by law. *Id.* at 461. The insurer was defaulted for failing to answer, and the insurer then challenged service. *Id.* The court in *Regueria* held that "no valid or binding service of process was effected." *Id.* at 463. As in *Centex-Rodgers*, "[w]e conclude that the *Regueria* decision is inapplicable in the circumstances of this case." *Centex-Rodgers*, 591 So. 2d at 1119. Just as in *Centex-Rodgers*, "[h]ere, proper notice and an opportunity to defend is not at issue." *Id.*

We did note in *Centex-Rodgers* that "the sole question is whether service of process upon the Insurance Commissioner constitutes valid and binding service upon the insurer, for jurisdictional purposes." *Id.* The trial court perceived the "for jurisdictional purposes" clause as a limitation which made *Centex-Rodgers* inapplicable. However, this overlooked the earlier statement in *Centex-Rodgers* that in general serving the statutory agent — there the Insurance Commissioner, here the CFO — "constitutes actual service of process." *Id.* We do not find this language to be dicta, and being bound by *Centex-Rodgers*, hold that once service was perfected on the CFO, the running of the 90-day period started, after which it was

4

permissible for a proposal for settlement to be served on State Farm.

Our holding is also based on section 48.151(1), which states that "[w]hen any law designates a public officer, board, agency, or commission as agent for service of process" and the person or entity so designated is served with process, then "service is **valid service for all purposes** on the person for whom the public officer, board, agency, or commission is statutory agent for service of process." (Emphasis added). Since the proposal was served on the CFO on the 91st day after service of process and was "valid for all purposes" as to State Farm when served, the proposal was not premature under rule 1.442(b).

Therefore, the order denying Markovits entitlement to attorneys' and paralegals' fees is REVERSED, and this matter is REMANDED for a hearing to determine the amount of reasonable fees to be awarded.

LEWIS and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Julie A. Fine and Cherie H. Fine of Fine, Farkash & Parlapiano, P.A., Gainesville, for Appellant.

Susan M. Seigle of Alvarez, Winthrop, Thompson and Storey, P.A., Gainesville, for Appellee.